### FIRST NATIONAL BANK OF CHATTANOOGA *v.* AMERICAN SUGAR REFINING COMPANY *et al.*

SIMMONS, C. J.    1. In order to obtain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury ; and where it does not appear that the judgment excepted to hurt the plaintiff in error, the writ of error will be dismissed.    *Braswell* v. *Eq. Mortgage Co.*, 110 *Ga.* 30, 33, and cit.

2. Accordingly, where, in a contest over funds of an insolvent person in the hands of a receiver, the judge of the superior court, upon exceptions to the auditor's report, makes a decree fixing and declaring the liens of the creditors and directing the manner and order of the distribution of the funds, and one of the creditors excepts to this decree, on the ground that his claim should have been ranked above all others, no such injury is shown as will authorize this court to pass upon the ruling excepted to, when the pleadings indicate that the assets to be distributed are of great value and there is absolutely nothing in the record from which it can be inferred that such assets are not amply sufficient to satisfy the claims of the plaintiff in error after the payment of expenses and of the few small claims given priority over his.    *Writ of error dismissed.    All the Justices concur.*

Argued June 18, — Decided July 14, 1904.    Reinstatement denied August 9, 1904.

Practice in the Supreme Court.

*Erwin & Callaway* and *Hooper & Dykes*, for plaintiff in error. *Shipp & Sheppard*, contra.