### 36674.  FARMER *et al. v.* WHITEHEAD.

TOWNSEND, J.  1.  Trover is a civil action and must be brought in the county of residence of the defendant. Code § 3-201; *Hall* v. *Roehr & Co.,* 10 *Ga. App.* 379 (73 S. E. 550).

2. An action in trover, even by one having legal title to the property involved, may be defeated by showing that the defendant has the right of immediate possession under contract with the plaintiff. *Boswell* v. *Ivie,* 31 *Ga. App.* 807 (122 S. E. 97); *Birmingham Fertilizer Co.* v. *Dozier,* 13 *Ga. App.* 759 (79 S. E. 927).

3. "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code § 110-709.

4. Where, as here, property belonging to the plaintiff was in the possession of the defendants, who claimed such possession under a contract of lease, and where such property was delivered to the Sheriff of DeKalb County by the *defendants* to abide the outcome of the action, and where neither the *plain-*

*tiff* nor the defendants replevied the same, such property was held by the sheriff for the sole purpose of being released to the party prevailing on the trial of the case. Where, thereafter, the defendants filed a plea to the jurisdiction, and the plaintiff in writing consented to such plea being sustained, and the court thereafter entered an order sustaining the plea to the jurisdiction, this constituted a final adjudication that the court did not have, and never had jurisdiction to try any issue in the case. It was accordingly error for the court, at the same time he sustained the plea to the jurisdiction, to include therein the following: "The Sheriff of DeKalb County is directed to release said property to *plaintiff*, plaintiff to produce said trucks in court to answer judgment if any against plaintiff." The purpose of the trover action was to have possession of the equipment transferred from the defendant to the plaintiff, and the court could not adjudicate in the absence of a trial whether the immediate right of possession was in the plaintiff, or the defendants, nor could he release the property to the plaintiff on condition that the latter "produce said trucks in court" and at the same time dismiss the action for lack of jurisdiction. Upon such dismissal the rights of the parties remain unchanged. The only action remaining is for the sheriff to surrender the property to the person from whom he obtained it.

The trial court erred in ordering the sheriff to release the property to the plaintiff.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 11, 1957.

*Herschel H. Hutchins, James R. Venable,* for plaintiffs in error. *Walter E. Baker, Jr.,* contra.