37514, 37515.   SMOOT *v.* DONALDSON; and *vice versa.*
37516, 37517.   SMOOT *v.* DONALDSON; and *vice versa.*

DECIDED FEBRUARY 27, 1959.

*Hitch, Miller & Beckmann, Luhr G. C. Beckmann, Jr.,* for plaintiff in error.

*James W. Head, Anton F. Solms, Jr.,* contra.

FELTON, Chief Judge. Where a motion for a new trial requires for its consideration a brief of evidence and no brief of evidence is filed in time, the motion should be dismissed. *Nichols Contracting Co.* v. *Allen,* 42 *Ga. App.* 306 (155 S. E. 770). Where a motion for a new trial is filed during term time and the rule nisi

ordered during the term sets a time for hearing in vacation and allows the movant until the "final hearing" or the "hearing, whenever it may be" or words of similar import, the movant has until the hearing to file the brief of evidence and a continuance of the hearing whether by order or by operation of law also extends the time for the filing of the brief. *Wilson* v. *Van Gundy*, 83 *Ga. App.* 566 (2) (64 S. E. 2d 292); *Azar* v. *Thuma*, 207 *Ga.* 444 (1) (62 S. E. 2d 166). In the order in the instant cases the movant was not given until the "final hearing" or until the "hearing, whenever it may be" within which to file the brief of evidence, nor can the order be construed as having that effect. The trial court did not so construe the order. His order stated that he was denying the motion to dismiss because the action taken seemed to be a procedure that had prevailed in his court. The most liberal construction of the rule nisi favorable to the movant that can be placed thereon was that the movant had until July 11, 1958 to file the brief of evidence. Where a definite time in vacation is set, either by a term order or by operation of law, for the filing of the brief of evidence, that time cannot be extended by a vacation order. *Reed* v. *Warnock*, 146 *Ga.* 483 (1) (91 S. E. 545).

Since the brief of evidence was not filed within the time prescribed by law or by the time set in the term order, the court erred in overruling the motion to dismiss the motion for a new trial. *Wilson* v. *Van Gundy*, 83 *Ga. App.* 566 (1), supra.

The main bills of exception are dismissed.

*Judgments reversed on cross-bills of exception. Quillian and Nichols, JJ., concur.*