37644.   RESERVE LIFE INSURANCE COMPANY v. GAY.

Decided June 4, 1959.

*Eugene M. Kerr,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

FELTON, Chief Judge. ■ This case has previously been considered upon different issues. See *Reserve Life Ins. Co. v. Gay,* 96 *Ga. App.* 601 (101 S. E. 2d 158); reversed 214 *Ga.* 2 (102 S. E. 2d 492); ruling of Supreme Court conformed to, 97 *Ga. App.* 320 (102 S. E. 2d 928). The present appeal arises out of proceedings at and subsequent to a retrial of the case following the above decisions.

Counsel for the plaintiff has moved to dismiss the writ of error because of failure to brief the documentary evidence brought up in the bill of exceptions. The only question presented which is ripe for adjudication is whether the motion for a new trial was properly dismissed. In addition, it is well settled that an insufficient or defective briefing of evidence is not

ground for dismissing a writ of error, although in such case assignments of error requiring consideration of the evidence will not be passed on. *Boston Ins. Co.* v. *Harmon,* 66 *Ga. App.* 383 (18 S. E. 2d 84) and cases cited. The motion to dismiss the writ of error is therefore denied.

■ The first portion of the order of January 8, 1959, revokes a prior order granting the continuance upon the grounds set forth above. It should first be observed that there is no legal requirement in this State whereby prior notice of intention to apply for the continuance of any matter must be given to the opposing party or his counsel. This being true, a trial judge has authority to grant a continuance ex parte if he desires, although the exercise of such authority is manifestly a matter of judicial discretion. Once such a continuance is granted, however, such grant is not subject to revocation for the mere reason that it was ex parte and without prior notice to opposing counsel.

■ In this case the original motion for a new trial and rules nisi were properly served upon the opposite party and we are dealing solely with the question of the necessity for service of amendments to the motion for new trial and for service of the brief of evidence upon opposing counsel. It is well settled that there is no requirement of law for service of an amendment. The rule applies equally to an amendment to a motion for new trial, and where service of the original motion and rule nisi is duly made upon the respondent, it is his duty to follow the case and take note of everything regularly done therein. The order of the court requiring service of the amended motion on counsel for the respondent was an arbitrary limitation upon his right to amend and was without authority of law and nugatory. *Allen* v. *Bone,* 200 *Ga.* 765 (38 S. E. 2d 609) and cases therein cited.

Likewise, there is no requirement of law for service of brief of evidence. It is true that Code (Ann.) § 24-3364 does in part provide: "Before presenting a brief of the testimony to the court for approval, the attorney whose duty it is to prepare it shall give written notice to the opposite party or his attorney of record of his intention to present the brief of the testimony to the trial court for approval at a certain time and place. No

such brief of the testimony shall be approved by the trial court unless the opposite party or his attorney of record shall have been given such written notice or shall, in writing, have waived such notice." However, there is no requirement in this section or elsewhere that a copy of the brief of evidence be served upon the opposing party or his attorney.

In the case of *Shirley* v. *Morgan*, 170 *Ga.* 324, 328 (152 S. E. 831) the Supreme Court said: "There is no law requiring movant to present a copy of the brief of evidence to counsel for respondent. The brief of evidence, under the law, must be presented to the trial judge, who is the final arbiter of its correctness; but the trial judge, in order to expedite a proceeding, and in fairness to the opposite party, may in his discretion order that the brief be presented to opposing counsel. Since that matter rests within the discretion of the trial judge, it would seem to be just and proper that compliance with the order should also be subject to the discretion of the judge who had passed the order." What we hold here is simply that failure to serve opposing counsel with a copy of the brief of evidence or amendments to the motion for a new trial within the time stated in the trial judge's order does not place the movant in default so as to preclude a further extension of time for filing said brief, where, as here, movant has been allowed "until the hearing, whenever it may be, to prepare and present for approval a brief of the evidence." The granting of a continuance under such circumstances is a matter within the discretion of the trial judge, but, once granted, it cannot be revoked upon the ground that movant was in default at the time of his application for a continuance for failing to serve a copy of the brief of evidence or amendments to the motion for a new trial on opposing counsel.

Our ruling here is not in conflict with the provisions of Code § 70-302 and cases decided thereunder, which deal solely with service of original motions for new trial and rules nisi and have no application to service of a proposed brief of evidence or amendments. Nor do we intend to abridge the discretion of a trial judge in situations where, upon the date set for hearing the motion for a new trial, no brief of evidence has been pre-

sented to the court within the time prescribed in the order. See *Dublin Hame Works* v. *Ross Mehan Foundry Co.*, 128 *Ga.* 399 (57 S. E. 683); *Lambert Hoisting Engine Co.* v. *Bray & Co.*, 127 *Ga.* 452 (56 S. E. 513) and cases cited.

In the case of *Broadway Nat. Bank* v. *Kendrick*, 124 *Ga.* 1053 (53 S. E. 576), the Supreme Court held that where an order required the movant to file a brief of evidence on or before a specified date prior to the hearing on the motion for new trial, "it was not within the power of the judge before the hearing and at a time when the court was not in session to extend, by an ex parte order, the time within which the brief of evidence should be filed." We are not dealing with such a situation in this case, however, in view of the specific provision in the rule nisi as to the time for filing of the brief. "Where a motion for a new trial is filed during term time and the rule nisi ordered during the term sets a time for hearing in vacation and allows the movant until the 'final hearing' or the 'hearing, whenever it may be' or words of similar import, the movant has until the hearing to file the brief of evidence and a continuance of the hearing whether by order or by operation of law also extends the time for the filing of the brief." *Smoot* v. *Donaldson*, 99 *Ga. App.* 191 (108 S. E. 2d 295).

The grant of a continuance to movant in the instant case is not invalid for any of the reasons stated in the court's order revoking same. Having exercised his discretion in granting a valid continuance, the trial judge may not thereafter revoke his previous grant where, as here, manifest injustice would result therefrom.

■ We are aware of the decision of this court in *Vinson* v. *State*, 53 *Ga. App.* 224 (1) (185 S. E. 529), holding that there was no abuse of discretion on the part of the trial court in dismissing the motion for new trial for failure to serve the brief of evidence and the amended motion on the solicitor five days before the hearing, as required by the court's order. This decision is in direct conflict with *Allen* v. *Bone*, 200 Ga. 765, supra, insofar as it sanctions dismissal of the motion for failure to serve amendments on opposing counsel and must yield thereto. The Supreme Court has implied in *Shirley* v. *Morgan*, 170

*Ga.* 324, supra, that where failure to comply with an order requiring service of the brief of evidence on opposing counsel "has worked inconvenience or injury to the opposite party," the motion for a new trial might properly be dismissed, but its actual holding is simply that the trial court did not err in refusing to dismiss the motion for a new trial for failure to properly serve opposing counsel with a copy of the brief of evidence. While the valadity of the decision of this court in *Vinson* v. *State,* 53 *Ga. App.* 224, supra, insofar as it sanctions dismissal of the motion for new trial for failure to serve a copy of the brief of evidence on opposing counsel, is open to question, particularly in view of the subsequent adoption by the legislature of specific requirements concerning preparation and presentation of the brief of evidence (Code § 24-3364), this point is not involved in the case at bar. At the time of the hearing on January 8th movant's counsel had fully complied with the terms of the court's order as to service of the transcript and brief of evidence on opposing counsel. The provisions requiring service of the amendments to the motion for new trial on opposing counsel were nugatory, as pointed out above, and, the failure to comply therewith is not a ground for dismissal of the motion.

■ For the reasons stated above, the trial court also erred in dismissing defendant's motion for a new trial upon the same grounds set forth in its order revoking the continuance. The additional stated reason that the original motion and accompanying orders were null and void because all were signed by the trial judge in Richmond County and not in Columbia County is without merit. See *King* v. *Sears,* 91 *Ga.* 577, 580 (18 S. E. 830) involving an almost identical factual situation.

■ The court erred in revoking its order of continuance and in dismissing the motion for a new trial. The judgments of the court are therefore reversed with direction that the court consider the proposed brief of evidence and amendments to the motion for a new trial for approval and allowance if the same are prepared in accordance with the requirements of law, including a proper briefing of the oral and documentary evidence, and, if the brief of evidence be approved, consider and pass

670

upon the motion for a new trial and any amendments allowed thereto. Under the circumstances of this case the exception to the refusal of the court to grant a nonsuit is premature. The reversal of the judgment dismissing the motion for a new trial could have the consequence that the refusal to grant the nonsuit is moot, as it would be if the motion for a new trial is denied and is excepted to, or if a new trial is granted.

*Judgments reversed. Quillian and Nichols, JJ., concur.*