37987. RESERVE LIFE INSURANCE COMPANY *v.* GAY.

DECIDED JANUARY 6, 1960—REHEARING DENIED JANUARY 25, 1960.

*Eugene M. Kerr*, for plaintiff in error.
*Randall Evans, Jr.*, contra.

GARDNER, Presiding Judge. The judgment now under consideration is based on the following order of the trial court: "Whereupon, in the above-stated case, a jury having returned a verdict in open court at this September term, 1958, on September 22, 1958, in favor of the plaintiff, Willie T. Gay, and against the

defendant, The Reserve Life Insurance Company, for the following amounts:

| | |
|---|---|
| $ 200.00 | Hospital Expenses |
| 260.00 | Doctor's bill |
| 8.50 | Ambulance bill |
| 117.12 | As 25% penalty |
| 1000.00 | As attorney's fees |
| 92.34 | Interest to date |
| $1677.96 | Total. |

"It is therefore considered, ordered, and adjudged that the plaintiff do have and recover of the defendant the following sums:

| | |
|---|---|
| $ 200.00 | Hospital expenses |
| 260.00 | Doctor's bill |
| 8.50 | Ambulance bill |
| 117.12 | As 25% penalty |
| 1000.00 | Attorney's fees |
| 92.34 | Interest to date of Sept. 22, 1958 |
| $1677.96 | Total. |

"And it is further ordered that the said judgment bear interest from date of September 22, 1958, at 7% per annum; and further, that the plaintiff, on behalf of the officers of the court in this case, do have and recover of the defendant $ ˙            as costs of court (said costs to be taxed by the clerk of this court)."

1. The general grounds have been abandoned.

2. The writer of this opinion prefers that the special grounds be numbered beginning with "1," and is so treating the numbering here. A reading of any case written by this writer during his twenty years on the bench of the Court of Appeals will show that this system of numbering has been consistently followed by the writer. However, the numbering evidently preferred by counsel is also shown, so as not to confuse counsel.

Special ground 1 (numbered 4 by counsel), special ground 2 (numbered 5 by counsel) and special ground 4 (numbered 7 by counsel) assign error because it is alleged that certain evidence

was illegally admitted by the court. Special ground 1 refers to United States Post Office "tracer cards." The testimony of this witness stated: "*I* also *instituted* a tracer to attempt to learn what happened to the money order of April 12, 1956." (Italics ours). This testimony showed that the employee of the Post Office was making an attempt to find out by the usual method, that is, by sending out a tracer, to see what became of the money orders which should have been received by the insurance company. The witness testified further that *she sent the tracers* at the plaintiff's request to determine the disposition of two money orders taken out by him (these being the disputed premium payments which the defendant contended it had not received and had therefore cancelled the policy) and that the replies were received in the regular course of business of the U. S. Post Office. The testimony showed both money orders had in fact been issued to the plaintiff prior to the date the respective grace periods for premium payments ended; that one had been cashed by Reserve Life Insurance Company, and that there was no record as to the other, as to which the Post Office then issued its duplicate. The testimony was sufficient to allow the introduction of the documentary evidence under Code (Ann.) § 38-711. *Allstate Ins. Co.* v. *Buck*, 96 *Ga. App.* 376 (100 S. E. 2d 142).

3. Special ground 3 assigns error because it is alleged that the testimony of Mrs. Willie T. Gay in regard to her illness should not have been admitted. There is nothing to show that the witness was not normally intelligent. She testified that she knew where her uterus was located in her body and that that was the part of her body upon which an operation had been performed. Counsel for the defendant conceded in the brief that a patient may testify to the following: "I was sick" and "I got my arm cut off" and "I had a sore throat." The witness was capable of testifying as she did testify and it is apparent that she knew upon which part of her body the operation had been performed. This assignment of error is not meritorious.

4. Special ground 5 simply refers to the abandonment of the general grounds and needs no further comment by this court.

5. As to the granting of a nonsuit, a judgment of the court will not be reversed for refusal to grant a nonsuit, even though

at the time of the motion the plaintiff has failed to make out a case, if the trial proceeds to verdict and during its progress the necessary evidence is supplied by either party. *Werner* v. *Footman,* 54 *Ga.* 128; *Andrews* v. *Andrews,* 91 *Ga. App.* 659 (1) (86 S. E. 2d 669). This rule was pointed out in *Reserve Life Ins. Co.* v. *Gay,* 99 *Ga. App.* 661, 670 (109 S. E. 2d 919), although it did not at that time constitute a ruling on the point, which was not then before the court. The exception to the grant of a nonsuit cannot, under the circumstances here, be considered, since the trial resulted in a verdict for the plaintiff, and since even if the motion was good at the time it was made because of the failure of the plaintiff to introduce in evidence the policy of insurance, this deficiency was later supplied by the evidence.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*