26041.   BULLOCH  COUNTY  BANK  et al.  v.  DODD.

Submitted September 16, 1970—Decided October 8, 1970.

774

*Johnston & Brannen, Sam L. Brannen, Anderson & Sanders, Cohen Anderson,* for appellants.

*A. S. Dodd, Jr.,* for appellee.

FELTON, Justice. ■ Although the motion for intervention alleged valid grounds for intervention under the provisions of *Code Ann.* § 81A-124(a) (Ga. L. 1966, pp. 609, 633; as amended, Ga. L. 1968, pp. 1104, 1108), said statute provides that intervention shall be permitted "upon *timely* application." (Emphasis supplied.) *Code Ann.* § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; Ga. L. 1967, pp. 226, 229, 230) requires service of the written motion

and notice of the hearing thereof "not later than five days before the time specified for the hearing, unless a different period is fixed by this Title or by order of the court." *Code Ann.* § 81A-106 (e) provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him and the notice or paper is served upon him by mail, three days *shall be* added to the prescribed period." (Emphasis supplied.)

The record shows that the notice of the motion to intervene is dated November 8, 1969, and that the only certificate of service in connection therewith, also dated November 8th, shows service by mail merely of the *answer* filed concurrently with the motion and the notice. Since total lack of service of the motion itself is not contended, it will be assumed that it was served and that service was likewise by mail as appellee contends, without contradiction, in her brief. Since no interval after the service of the notice different from the specified five days is fixed by the title or was ordered by the court, and since the parties to the action were entitled to the three extra days within which to file any pleadings in opposition to the motion because of the service by mail, the interval provided by the hearing on November 14, as specified in the notice of the motion, did not comply with the provision for notice contained in the above stated statutes. In view of the provision that the three additional days *shall be* added, it cannot be held as a matter of law that no harmful error is shown by the fact that the plaintiff was able to file pleadings in opposition to the motion prior to the date specified for the hearing. Therefore, although the application may have been timely filed, the statutory notice of the application for intervention was not given and the court did not err in rescinding its prior order granting the application.

■ The burden of proof was upon the plaintiff, as movant for summary judgment, to show that she had both title and the right to immediate possession of the check which is the subject of her trover action. *Farmer v. Whitehead,* 95 Ga. App. 520 (2) (98 SE2d 145) and cit. Therefore, the fact that

the plaintiff is both payor and payee of the check, even if it indicates prima facie title thereto in the plaintiff, does not authorize summary judgment in her favor. Even without a consideration of the pleadings filed in connection with the application for intervention, which we have held in Division 1, supra, was properly denied on procedural grounds (see *Code Ann.* § 81A-156 (c); Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238), the pleadings and affidavit on file raise genuine issues as to the material facts with regard to the terms of the alleged escrow agreement and the compliance therewith by the parties to said agreement. It follows that the trial court erred in its judgment granting the summary judgment in favor of the plaintiff.

*Judgment affirmed in part; reversed in part. All the Justices concur.*