47261. BURGER CHEF SYSTEMS, INC. v.
NEWTON et al.

ARGUED MAY 25, 1972—DECIDED JUNE 21, 1972—
REHEARING DENIED JULY 10, 1972—

*David J. Keeler*, for appellant.

*Smalley, Cogburn & Evans, Robert H. Smalley, Jr., Cumming & Cumming, W. Barron Cumming*, for appellees.

DEEN, Judge. ■ *Code Ann.* § 81A-106 (d) provides a minimum of five days between service and hearing of any motion "unless a different period is fixed by . . . order of the court." *Johnson v. Frazier*, 121 Ga. App. 212 (1) (173 SE2d 434) and *Bulloch County Bank v. Dodd*, 226 Ga. 773 (1) (177 SE2d 673) stand for the proposition that where without express permission of the court a minimum time is lacking the appellant cannot complain, but not for the converse, that is that the court cannot grant a lesser time. Here the subject matter of the motion was limited to the contents of the lessee's letter of termination as shown by the record before the trial court and no evidence was offered by either side. In view of the fact that the lessor, if it

had in truth been guilty of a breach of covenant, had only ten days in which to rectify the omissions, and that a grant of a continuance to the lessee would moot the question, it was not an abuse of discretion for the court to hear the matter on the same day, all parties being represented. As held in Herron v. Herron, 255 F2d 589, the five-day service rule is not a hard and fast one. It appears from an uncontradicted statement of the lessor's attorney that prior oral notice of the plaintiff's intention to apply for direction in answering the letter had been given to opposing counsel upon its receipt. It is an old and sound rule that error to be reversible must be harmful (*First Nat. Bank of Chattanooga v. American Sugar Refining Co.*, 120 Ga. 717 (48 SE 326)), and, since the issue here was one of law and dealt with the very issues raised by the letter of termination, we find no abuse of discretion in failing to grant a continuance, during which most of the ten-day grace period would have expired. The lessor as a contracting party to the lease which the defendant was seeking to terminate under its terms (thereby recognizing its validity for this purpose) had standing to seek the order requested. The first five and the ninth enumerations show no reversible error.

■ As to the directions given by the court, it must first be noted that this unusual instrument purports to grant an estate for years commencing at a future date (when the improvements shall have been completed) by an instrument not subject to recordation. The specific stipulation in this regard reads: "In order to avoid any subsequent controversies as to the exact date of the commencement of the term of this lease, the parties hereto agree, upon demand of the other, to execute a written document entitled 'Short Form Lease' in recordable form since it is the intention of the parties that this lease shall not be recorded." A part of the controversy engendered by the order from which this appeal is taken centers around the propriety of the court requiring the lessee to cooperate in executing a short form lease for the purpose of recordation in order that the title policy, lack of which the lessee gives as one of the breaches of

covenant on which its notice of termination is based, may issue to the lessee. The three actions which the court found that the lessor should take within the period of the ten-day notice in order to cure the breach in face of the lessee's notice of termination were: (1) To furnish a proper topographical and stake survey; (2) to clear an outstanding deed to secure debt in favor of a named bank, and (3) to furnish a policy of title insurance insuring the lessee's interest. The first of these requirements had apparently been taken care of and it may be assumed that the second will be handled as a part of the normal procedure. As to the third, a title binder had been furnished but unless some form of lease be recorded there could be no policy issuing to the defendant. As stated above, assuming that the lessor had defaulted in these three areas, we do not regard the right of the lessee to terminate as unconditional within the meaning of the condition allowing the lessor ten days after demand to cure the defects. Since the contract required the execution and recordation of a short form lease upon demand, and since the lessee necessarily had to sign such a contract before it could be recorded and the title policy issued, and since by seeking to rescind under contract provisions it necessarily recognizes the validity of the contract for this purpose, it cannot complain of the requirement that it sign the short form lease. "This is so because a party cannot rely upon a default which he himself has caused." *Smith v. David,* 168 Ga. 511 (3e) (148 SE 265), and see *Bernstein v. Fagelson,* 38 Ga. App. 294 (143 SE237).

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*