## 51511. OSTEEN v. GENERAL ELECTRIC CREDIT CORPORATION.

PANNELL, Presiding Judge.

General Electric Credit Corporation filed a petition for writ of possession against Milton E. Osteen, seeking to foreclose its security interest on certain personal property and defendant Osteen was personally served with the petition and summons, the summons commanding him to appear at a hearing ten days from the date of the filing of the petition. The case was called on that day and petitioner announced ready, and the defendant not having answered at that time or personally appeared, petitioner requested the grant of a writ of possession. What occurred thereafter appears from the order of the court from which the appeal is made in the present case to wit:

"There appeared in Court a one Philip Merkel, Attorney at Law, who announced at that time that he had a motion for intervention to present to the Court. It appeared at that time, that general electric credit corporation had not been served with any motion and objection was made by G. E. C. C.'s attorney. At the time the case was called for the written order of possession Mr. Merkel requested the court to hear argument for intervention which the Court heard.

"At that time, it was stated by Plaintiff's counsel, G. E. C. C., that he had been given a copy of the petition minutes before in the Court Room. Mr. Merkel then proceeded to make his argument after filing with the Clerk his petition to intervene. After arguments the Court entered the writ of possession and signed the order. The Court announced that the petition for intervention would be denied and that the writ of possession had been signed.

"The record shows the following: The certificates of service, attached to the petition to intervene, alleges that it was served on June 27, 1975, and that counsel for *all parties* was served. It appears from the record that Milton Osteen was not served in Court, thus the record shows that no service was made upon Defendant himself. Service was made on G. E. C. C. in the Court Room shortly

before the argument.

"From the stated facts the Court finds that no timely application was made by intervenors pursuant to Ga. Code Ann. § 81A-124 (a). The Court further finds that the procedures required in Ga. Code Ann. § 81A-124 (c), 81A-105 and 106 (d), were not met. *Bulloch County Bank v. Dodd,* 226 Ga. 773 is controlling."

It further appears from the record that the petitioner was served with a copy of the application for intervention, all on the day of the hearing referred to in the judge's order. The record does not disclose that any notice was served upon any party as to the time of hearing on the application for intervention. Section 24 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 633; Code Ann. § 81A-124 (a)) provides that, "Upon timely application anyone shall be permitted to intervene in an action" on grounds therein stated, and further provides in subsection (c) that "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Section 5." Section 5 relates to the service such as serving a party or his attorney personally or by mail. Section 6 of the Civil Practice Act (Ga. L. 1966, pp. 609, 618, as amended by Ga. L. 1967, pp. 226, 229; Code Ann. § 81A-106 (d)) in subsection (d) thereof provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served and not later than five days before the time specified for the hearing, unless a different period is fixed by this Act or by order of the court."

The Supreme Court of this state in *Bulloch County Bank v. Dodd,* 226 Ga. 773 (1) (177 SE2d 673) held that the failure to give the five day notice required, in the absence of an order by the court, was fatal to the intervention. In that case the court allowed the intervention and subsequently revoked this order and disallowed the intervention. His action was affirmed. We are bound by that decision and must hold that the trial court was correct for that reason, whether or not he may have been correct for other reasons given in his order. As to these other reasons, we express no opinion. The judgment is affirmed.

*Judgment affirmed. Evans and Marshall, JJ.,*

*concur.*

ARGUED JANUARY 5, 1976 — DECIDED JANUARY 23, 1976 —
REHEARING DENIED FEBRUARY 11, 1976 —

*Philip L. Merkel,* for appellant.
*Pierce, Ranitz, Berry, Mahoney & Forbes, Morton Forbes,* for appellee.