## 51586. GUY v. THE STATE.

STOLZ, Judge.

The defendant appeals from her conviction of theft by deception, perpetrated by periodically taking cash from her employer's cash drawer and attempting to cover the shortages by depositing therein credit vouchers which she had had authorized by various co-workers, then signed thereon the names of fictitious customers herself.

1. The trial judge did not err, as is contended in enumerated error 1, in denying the defendant's motion to suppress as evidence her application for employment and various job interviews in the files of her employer from whom she stole the money, and her application for unemployment insurance after her employment with the employer was terminated. It is urged that these documents were inadmissible because they were executed with the understanding that they would be confidential, and because their intended use, as a standard of comparison by which an expert witness would testify that the purported customers' signatures on the credit vouchers were all in the defendant's handwriting, would violate her right against self-incrimination.

The statute controlling the exclusion of privileged communications is not Code § 37-707, as the appellant argues, but Code § 38-418. The latter statute does not enumerate as privileged communications those between an applicant for a job and the prospective employer or between an applicant for unemployment insurance and the state department of labor. We have found no cases establishing such communications as privileged. Furthermore, the scope of the exclusion of this statute is the *content* of the communications, whereas the documents here sought to be excluded were to be used for the limited purpose of a comparison of the handwritings, as is authorized by Code §§ 38-708 and 38-709.

Nor did the admission of these documents constitute compelling the defendant to furnish evidence against herself. The defendant voluntarily affixed her signature upon the documents in question. The fact that she might not voluntarily surrender such documents does not mean that their production by the state is compelling her to furnish them. "In each of those cases [involving violation of the right against self-incrimination] the defendant was required to perform some act, drive a truck upon scales, place his foot in a shoe track, etc., and, as emphasized in [*Aldrich v. State,* 220 Ga. 132, 134 (137 SE2d 463)], the 'doing of an act' against his will to incriminate himself." *Creamer v. State,* 229 Ga. 511, 517 (192 SE2d 350). "The distinction is that the person from whom they are taken is not forced to do anything; he remains passive; he is not compelled to act." Green, The Georgia Law of Evidence, § 155, p. 389, and cases cited in fn. 185.

2. It was not error, as claimed in enumerated error 2, to admit in evidence 147 of the credit vouchers filled in by the defendant, even though the expert witness could testify that only three of them had signatures thereon forged by the defendant. The expert witness' testimony that the signatures on the remaining vouchers did not represent normal writing habits, plus the evidence of the letters from the employer to the purported customers which were returned by the postal service marked "No such address" and "Addressee unknown," made these vouchers all relevant and material to the issue and admissible. Furthermore, even "where the relevancy or

competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784) and cit." *Cravey v. J. S. Gainer &c. Co.,* 128 Ga. App. 465 (4) (197 SE2d 171).

3. It was not error, as urged in enumerated error 3, to admit in evidence letters written by the employer to various ones of the purported customers whose forged signatures appeared on the credit vouchers filled in by the defendant, which letters were returned to the employer by the postal service rubber stamped "No such address" or "Addressee unknown."

The employer's retail store controller testified that such letters were randomly mailed out in the regular course of their business for the dual purposes of checking on customer satisfaction and auditing control over forged credit vouchers. The so-called uniform business records as evidence Act, Code Ann. § 38-711 (Ga. L. 1952, p. 177), provides, "This section shall be liberally interpreted and applied." For applications similar to that in the case at bar, see *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142) and *Reserve Life Ins. Co. v. Gay,* 101 Ga. App. 96 (2) (112 SE2d 786). In *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, 601 (2) (117 SE2d 239), cited in *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 746 (3) (216 SE2d 127), this court considered the fact, relative to proper notice of cancellation to an insured, that there was "no conclusive evidence that the notice was or was not returned to the insurance company as undelivered mail." In *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 384 (141 SE2d 851), the court recognized the presumption that a letter which was properly addressed, stamped or postage affixed, had a proper return address thereon, was properly mailed, *and had not been returned by the postal service,* had been received.

The envelopes in question were relevant and material to the issue of the nonexistence of the purported customers whose signatures appeared on the credit voucher slips filled in by the defendant, and the issue of whether the defendant forged the signatures as a part of a scheme to steal the money.

4. Enumerated error 4 is the overruling of a

demurrer to the indictment which sought a specification of the transactions which allegedly made up the $4,027 which the defendant was charged with stealing. The indictment stated the offense substantially in the terms of Code Ann. § 26-1803 (a) (Ga. L. 1968, pp. 1249, 1290), which was sufficiently technical and correct. Code § 27-701. The evidence (the 148 credit voucher slips) was not required to be pleaded. It was not necessary for the defendant's defense, as she claims, to be apprised of whether she was to be tried for a felony or a misdemeanor. Whether the offense of theft by deception constitutes a misdemeanor or a felony is not material to the defense, and is only material after conviction for the purpose of sentencing under the provisions of Code Ann. § 26-1812 (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842). This enumerated error was without merit.

5. The trial judge charged the jury as follows: "Every person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each essential element of such crime is proved beyond a reasonable doubt. The burden of proof is upon the state to prove each essential element of the crime charged beyond a reasonable doubt." Enumerated error 5 contends that the above charge was deficient in that it did not effectively convey to the jury that the presumption of innocence applied to *this* defendant and continued *during* this trial until her guilt was established beyond a reasonable doubt. The presumption is that jurors are selected and drawn according to law, *Wheeler v. State,* 42 Ga. 306, i.e., "upright and *intelligent."* (Emphasis supplied.) Code § 59-106. We think any intelligent juror would know that "every person" includes this defendant on trial, and that the further conditions placed on her conviction made it clear that the presumption of innocence continued until those conditions be met. The charge was a correct, proper and adequate statement of the law.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED MARCH 8, 1976.

*Byrd, Groover & Buford, Garland T. Byrd,* for

appellant.

*Stephen Pace, Jr., District Attorney,* for appellee.