### 52028. PIPER v. PIPER et al.

MARSHALL, Judge.

The question presented by this appeal is whether appellant was denied procedural due process by having orders and a judgment rendered against him allegedly without notice and a hearing.

This procedural issue arose out of petition for garnishment filed by appellant's wife (appellee herein) for appellant's retirement pay to satisfy arrears in alimony. Appellant contested the garnishment proceeding for inadequacy of the surety on the garnishment bond, and appellee subsequently voluntarily dismissed the petition without prejudice. She then brought another garnishment action, this time presenting two sureties with affidavits as to their financial responsibility. Appellant again moved to dismiss for two reasons: (1) inadequacy of the sureties, and (2) res judicata. A hearing was set on the motion to dismiss for November 12, 1975, at 4:00 p.m. On the morning of the day of the hearing, appellee went to the judge's chambers and sought and obtained, on written motion, a continuance of the hearing scheduled for that afternoon. At the same time, appellee also moved the trial judge to quash two subpoenas which had been served on appellee's two sureties. The trial judge entered an order (1) continuing the hearing on the motion to dismiss "until further Order of the Court," (2) staying the two subpoenas until further order, and (3) setting a hearing on the motion to quash for that afternoon at 4:00 p.m. The hearing was held that afternoon, both parties appearing, and arguing on the issue of the adequacy of the sureties. On November 24th, the appellee again went to the judge's chambers to obtain an order quashing the subpoenas. On November 25th, the judge entered an order

quashing the subpoenas, having heard arguments on November 12th, from both sides as to the adequacy of the sureties. However, in the same order, the trial judge went further and considered appellant's motion to dismiss. He decided that the action was not barred by res judicata, and ordered appellant's motion to dismiss be denied. Judgment was entered against appellant on the same date and the garnished proceeds were ordered paid to appellee.

Appellant moved to set aside the judgment, which was denied. He appeals from that denial enumerating six errors, which comprise two basic contentions: (1) the ex parte orders of November 12th granting the continuance and staying the subpoenas were without notice to appellant as required by procedural due process and CPA § 6 (d) (Ga. L. 1966, pp. 609, 617; Code Ann. § 81A-106 (d)), and (2) the order of November 25th denying his motion to dismiss and the entry of judgment against him on that date was without notice and a hearing. *Held:*

1. "It should first be observed that there is no legal requirement in this State whereby prior notice of intention to apply for the continuance of any matter must be given to the opposing party or his counsel. This being true, a trial judge has authority to grant a continuance ex parte if he desires, although the exercise of such authority is manifestly a matter of judicial discretion." *Reserve Life Ins. Co. v. Gay,* 99 Ga. App. 661, 666 (109 SE2d 919). See, e.g., *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636 (1) (191 SE2d 479). A motion for continuance is thus "one which may be heard ex parte" under CPA § 6 (d), supra, and there is no showing of abuse of discretion by the trial judge in this case.

The ex parte granting of the stay of the subpoenas was also proper. Ga. L. 1966, p. 502 (Code Ann. § 38-801 (b)) provides: "but the court, upon written motion made promptly and in any event *at or before the time specified in the subpoena* for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, ..." (Emphasis supplied.) Here the appellee's motion was made "at or before" the time for compliance with the subpoena. If the motion to quash may be heard on shortened notice, certainly the temporary stay of

subpoenas may be so heard.

2. However, as to the appellant's motion to dismiss we find no notice or hearing was given. The hearing on the motion to dismiss originally set for November 12th, was continued by ex parte order, "until further Order of the Court." No new hearing date was set, and the record does not disclose that a hearing ever took place on that motion. In fact, the motion was considered and denied by the trial judge on November 24th at 10:30 a.m., and judgment was entered without notice to counsel, without his being present and without the benefit of his argument in favor of the motion.

Yet the appellant has not demonstrated any harm in the deprivation of notice and hearing of his motion. "It is an old and sound rule that error to be reversible must be harmful *(First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326))." *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636, 639, supra. Of the two grounds presented by appellant in his motion to dismiss, one (the adequacy of appellee's sureties) was heard on November 12th, with all the procedural safeguards required by law. The other ground (the bar by res judicata) is patently without merit. See CPA, § 41 (a) (Ga. L. 1966, pp. 609, 653; Code Ann. § 81A-141 (a)). The first voluntary dismissal under this Code section is always without prejudice and does not operate as an adjudication on the merits. Appellant had the opportunity to present argument on this point at the hearing of his motion to set aside the judgment but did not and could not show res judicata because the previous suit never went to judgment on the merits. For these reasons the record reflects that the appellant has not been harmed.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 7, 1976 — DECIDED MAY 24, 1976 — REHEARING DENIED JUNE 14, 1976.

*Araguel & Sanders, Jerry Sanders,* for appellant.
*Henson, Stapleton & Cheves, G. David Stapleton, III,*

for appellees.

ON MOTION FOR REHEARING.

Appellee's motion for damages under Code § 6-1801 on the ground that the appeal was made for delay only is denied. See *Almond v. Bentley Gray, Inc.,* 138 Ga. App. 508; *Quillian v. Mabry,* 88 Ga. App. 817 (78 SE2d 97). *Motion for rehearing denied.*