## 57373. HALE v. PARMENTER INSURANCE AGENCY, INC.

McMURRAY, Presiding Judge.

Parmenter Insurance Agency, Inc. obtained a default judgment against Acoustical, Inc. in the amount of $11,977. By virtue of said judgment it had a summons of garnishment directed to Ronald L. Davis and to Womack Construction, Inc. as respective garnishees showing the name of the defendant in the principal case as Acoustical, Inc., also known as and doing business as, Acoustical-Drywall Company. Whereupon the garnishees paid the funds into the court.

James Luther Hale, d/b/a Acoustical-Drywall Company (claimant), filed a claim against these garnished funds and a hearing was thereafter held. The trial court rendered a finding of fact that the claimant testified "he ceased doing business as Acoustical, Inc." in 1977 and began doing business as a sole proprietorship. The court found the same business premises were used, the same telephone number, the same inventory, the same business equipment, work order forms, bill heads and job progress reports, and claimant had not obtained a new business license. Claimant also collected and disbursed funds due Acoustical, Inc. Based upon the above, the court found that he had commingled the assets of his claimed proprietorship and the defendant corporation so as to negate any distinct difference between the two. Judgment was rendered in favor of the plaintiff, and the claimant appeals. *Held:*

1. No question seems to have been raised by reason of the trial court hearing this claim case without the intervention of a jury. Considering the evidence more strongly in favor of the judgment there is evidence both entities were involved in the same type of business. Both did business out of the same premises, both had the same telephone number, and used the same office equipment. Both entities had basically the same employees and carried the same utility bill account numbers. The inventories of the businesses were commingled. The majority of the vehicles of the corporation was sold to either the claimant proprietor or his relatives, and a loan

of the corporation, as well as other corporate debts, were paid out of the proprietorship assets. The court was authorized to consider all of these admitted facts and determine that the two were one and the same, that is, the evidence "negate[s] any distinct difference between the two." The trial court did not err in rendering judgment in favor of the plaintiff and against the claimant. *Givens v. Gray,* 126 Ga. App. 309, 310 (190 SE2d 607) and cits.

2. The trial court refused to allow the claimant as a witness to testify as to any sort of an agreement with the other principal stockholder as to the termination or ceasing of the operations of the corporation (Acoustical, Inc.). Any answer thereto would not be hearsay, but evidence of which the witness had knowledge. However, the corporation has not been dissolved, claimant had already testified the corporation had ceased doing business, and a repetition of this that the two stockholders had verbally agreed to cease operations would merely be cumulative. Hence, no harmful error is shown even though the reasoning of the court in sustaining the objection may have been erroneous. See *First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted March 7, 1979 — Decided May 3, 1979 — Rehearing denied May 23, 1979 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Ben Lancaster,* for appellant.
*Jefferson L. Davis, Jr.,* for appellee.