## 67585. GLOBAL ASSOCIATES, INC. v. PAN AMERICAN TELECOMMUNICATIONS, INC.

McMurray, Chief Judge.

This is a garnishment case. Global Associates, Inc. (Global) obtained a judgment (by default) against Pan American Telecommunications, Inc. (Pan American). In this connection see *Global Assoc. v. Pan American Communications*, (sic) 163 Ga. App. 274 (293 SE2d 481). Global then filed garnishment proceedings against a number of garnishees based upon the indebtedness of the defendant Pan American Telecommunications, Inc. The notice of service as to five of the garnishees referred to the defendant as Pan American Telecommunications, Inc., a/k/a and d/b/a Amertelco, Inc. (successor in interest to Pan American Telecommunications, Inc.), a/k/a and d/b/a American Telephone Corporation. The notice of service as to the garnishee Amertelco, Inc. only referred to the defendant as Pan American Telecommunications, Inc. Each of the garnishees answered. All but Citizens Trust Bank alleged no sums were owed to the defendant either at the time of the service of the summons or between the time of the service of said summons and the time of making answer and as not owing anything to the defendant. Citizens Trust Bank as garnishee answered with reference to the sum of $791.80 which was paid into court. American Telephone Corporation named as the defendant (that is, a successor in interest to the defendant) filed a traverse contending the plaintiff's affidavit is untrue and legally insufficient. The plaintiff in turn traversed this defendant's answer as garnishee that same was untrue or legally insufficient. It also traversed the answers of three of the garnishees as being untrue or legally insufficient.

The case proceeded to trial as to the various traverses of the plaintiff and the defendant, all of which were heard at one time. Plaintiff attempted to show by evidence that there was a tie-in by all of the different companies for the purpose of concealing and avoiding judgments and that they were all one and the same, although only Pan American Telecommunications, Inc. was named in the suit in which judgment was awarded to the plaintiff. After a hearing the court determined that the summons of garnishment as to the five listed garnishees were in error, and those listed garnishees were dismissed. The clerk of the court was also ordered to return all funds captured to American Telephone Corporation or Amertelco, Inc.

Plaintiff appeals enumerating as error the trial court's finding that five of the six summons of garnishment issued at plaintiff's instance were in error because the judgment and affidavit for garnishment naming the defendant/judgment debtor as Pan American Telecommunications, Inc. and the summons of garnishment named the defendant/judgment debtor as Pan American Telecommunications,

Inc., a/k/a and d/b/a Amertelco, Inc. (successor in interest to Pan American Telecommunications, Inc.) a/k/a and d/b/a American Telephone Corporation; in denying the plaintiff/judgment creditor the right to present testimony and evidence showing that Amertelco, Inc., American Telephone Corporation and Pan American Telecommunications, Inc. are one and the same during plaintiff's attempt to traverse Amertelco's answer to the summons of garnishment; and the trial court erred when it sua sponte raised the issue of the validity of a previous levy not before the trial court, in order to force a hearing on the merits of the levy as a condition precedent to determining the truth of plaintiff's affidavit for garnishment and to hearing plaintiff's traverse of Amertelco's answer to a summons of garnishment which named only Pan American Telecommunications, Inc. as defendant/judgment debtor. *Held*:

We consider all of the enumerations of error together inasmuch as they refer to the handling of the trial by the court in the submission of evidence. It appears that the plaintiff contends that the record is incomplete in that the court reporter was not present during a discussion between counsel and the court in chambers. However, plaintiff has failed to obtain any stipulation with reference to same or a transcript of same approved by the court either in narrative form or otherwise as required by OCGA § 5-6-41 (formerly Code Ann. § 6-805). Hence, we have no way of ascertaining the circumstances other than the reported hearing now before this court as certified as true and correct by the official court reporter. An examination of same fails to disclose that the plaintiff was denied the right to present any evidence showing the three different corporations as being one and the same so as to involve the issue as found in *Hale v. Parmenter Ins. Agency*, 150 Ga. App. 76 (256 SE2d 623). Further, an examination of the transcript discloses that the plaintiff was unable to prove that the existence of these corporations was for the purpose of avoiding the judgment or that there was any assumption of liabilities of the debts of the defendant or assumption of this judgment against the defendant. The corporations were entirely separate, and no evidence has been shown that the trial court sua sponte raised the issue of the validity of a previous levy as contended by the plaintiff. Under the circumstances here we find no merit in any of the enumerations of error. The trial court did not err in determining that the summons of garnishment as to the listed garnishees were in error and in dismissing the garnishees and ordering all funds captured as property of the American Telephone Corporation or Amertelco, Inc. to be returned.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984.

*Donald E. Loveless*, for appellant.
*Theodore H. Lackland*, for appellee.