### 73875. SIMMERSON v. BLANKS.

(360 SE2d 422)

CARLEY, Judge.

Appellant-plaintiff's complaint against appellee-defendant was filed in 1977. From May of 1979 until June of 1983, no order was entered in the action. Then, on June 16, 1983, the trial court entered an order which allowed appellant's counsel to withdraw and which "further ordered that the above case is continued past the May term of court and that all matters in this case are continued for a reasonable length of time so that [appellant] may retain additional counsel." This order of June 16, 1983, was entered without appellant having made a written motion for continuance and without notice having been given to appellee. On April 28, 1986, appellee moved to dismiss appellant's complaint pursuant to OCGA §§ 9-2-60 and 9-11-41, contending that no written order had entered in the action for a period in excess of five years. After a hearing, the trial court granted appellee's motion to dismiss appellant's complaint, holding that the grant of a continuance in June of 1983 was an invalid order, in that no notice had been given to appellee and no written motion seeking a continuance had been filed. Appellant appeals from this order dismissing his complaint.

Both OCGA §§ 9-2-60 (b) and 9-11-41 (e) specifically provide that, for purposes of determining whether an action is dismissed by operation of law because of the absence of a written order for a period in excess of five years, "an order of continuance will be deemed an order." In this case, there was an order, signed by the trial judge and filed in the clerk's office, which unequivocally ordered "that the above case is continued past the May Term of court and that all matters in this case are hereby continued for a reasonable length of time so that plaintiff herein may retain additional counsel." Since an order grant-

ing a continuance is an order within the meaning of the cited Code sections and since the order of continuance at issue here was properly entered, this case is distinguishable from *Beck v. Dean*, 177 Ga. App. 144 (338 SE2d 693) (1985). In *Beck*, the only order entered within the five-year period was a rule nisi setting a hearing on a motion seeking a continuance.

The trial court's order entered on September 2, 1986, granting appellee's motion for automatic dismissal under the five-year rule, had the effect of setting aside or rescinding its previous order of continuance which had been entered some three years earlier. The trial court stated that its 1983 order of continuance was ex parte, without written motion and was "an inadvertent entry by [the] Court. . . ." Although it is true that the Civil Practice Act requires a written motion to obtain an order, we have found no case wherein the actual entry by the trial court of an order has been held to be invalid because of the absence of a written motion. Compare *Addis v. First Kingston Corp.*, 225 Ga. 231 (167 SE2d 656) (1969), holding that it was not error to *deny* an oral motion. With regard to the ex parte nature of the continuance order, " '[i]t should first be observed that there is no legal requirement in this State whereby prior notice of intention to apply for the continuance of any matter must be given to the opposing party or his counsel. This being true, a trial judge has authority to grant a continuance ex parte if he desires. . . .' " *Piper v. Piper*, 139 Ga. App. 19, 20 (227 SE2d 842) (1976).

In this case, an order apparently meeting the requirements of the Code sections was entered so as to start again the five-year period of time. "The statute 'places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five-year period and to make sure the same is entered in the record. [Cits.]' " *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (2) (309 SE2d 635) (1983). In this case, until the trial court's order from which appeal is now taken, appellant was under the impression that he had discharged the duty envisioned by *Scott*. "The grant of a continuance to [appellant] in the instant case is not invalid for any of the reasons stated in the court's order revoking same. Having exercised his discretion in granting a valid continuance, the trial judge may not thereafter revoke his previous grant where, as here, manifest injustice would result therefrom." *Reserve Life Ins. Co. v. Gay*, 99 Ga. App. 661, 668 (3) (109 SE2d 919) (1959). Since the trial court's order revoking the grant of a continuance was entered some three years after the entry of the order granting the continuance — and *after* the expiration of over five years from the last written order prior to the continuance order — it is obvious that "manifest injustice" would result if that order revoking the continuance is affirmed.

Accordingly, the order granting appellee's motion to dismiss appellant's complaint is reversed.

*Judgment reversed. Birdsong, C. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Beasley, J., dissent.*

BANKE, Presiding Judge, dissenting.

I must dissent, as I believe that the majority's decision does not protect the plaintiff from manifest injustice but instead results in manifest injustice to the defendant, who is now faced with defending a suit which has been pending for over 10 years, yet in which the only substantive action taken by the plaintiff has been the filing of the complaint.

The majority neglects to mention that, although the plaintiff's ex parte motion for continuance was ostensibly predicated on his counsel's intention to withdraw from his representation of the plaintiff and the consequent need to allow the plaintiff an opportunity to secure replacement counsel, counsel never in fact withdrew but has continued to represent the plaintiff up to and throughout this appeal. "The five-year rule was intended to prevent long delays before trial, not to facilitate such delays. [Cit.]" *Jefferson v. Ross*, 250 Ga. 817, 819 (301 SE2d 268) (1983). There being ample basis in this case for a finding that the plaintiff sought the ex parte continuance order solely for the purpose of avoiding the effect of the 5-year automatic dismissal rule and for no other bona fide purpose connected with the litigation, I would hold that the trial court did not abuse its discretion in revoking the continuance order and granting the defendant's motion to dismiss the complaint.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Beasley join in this dissent.

BEASLEY, Judge, dissenting.

The majority is concerned about injustice being done the plaintiff if the order continuing the case is allowed to be considered invalid or of no effect because inadvertently entered. It is urging, as I understand it, that the trial court had no discretion to give such effect to its previous order or that it was an abuse of discretion to do so.

The order appealed from ruled that the continuance order should not have been granted because of a defect in procedure occasioned by plaintiff himself. The court's order implied that a continuance would not have been given had the court realized that the opponent was not notified of the request and had no opportunity to object to a further delay of the already six-year-old lawsuit which had been inactive for four years.

The failure to give such an opportunity lies totally at plaintiff's

doorstep. The injustice feared for him is entirely of his own making. But as Presiding Judge Banke points to, what about the injustice rendered the defendant, who was not informed of any activity in the case during a period in excess of five years, and who is faced now with defending against a claim arising out of a business transaction which occurred over ten years ago?

Even if the court below had discretion to give effect to plaintiff's *ex parte* continuance order, the decision not to do so does not amount to an abuse as a matter of law.

I am authorized to state that Presiding Judge Deen joins in this dissent.

DECIDED JULY 13, 1987 —
REHEARING DENIED JULY 30, 1987 —

*Don E. Snow*, for appellant.
*Ronald Barfield, David B. Dunaway*, for appellee.