## 38893. LEWIS v. PRICE.

DECIDED SEPTEMBER 28, 1961.

*Rountree & Rountree, W. E. Rountree,* for plaintiff in error.
*Spivey & Carlton, Milton A. Carlton,* contra.

JORDAN, Judge. ■ In order for the docrtine of res judicata to apply, or for a party to take advantage of the doctrine in a subsequent suit brought against him after the termination of the first,

there are three prerequisites to which the situation must conform. They are: (1) identity of parties; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction. All of these elements must concur. *Stevens v. Stembridge,* 104 Ga. 619, 622 (31 SE 413); *Woods v. Travelers Ins. Co.,* 53 Ga. App. 429 (186 SE 467); *Krasner v. O'Dell,* 89 Ga. App. 718 (3) (80 SE2d 852).

While the equitable suit to set aside the default judgment entered in the original suit naturally involved the same parties and the same subject matter as the instant suit, the identity of the cause of action is lacking. The cause of action in the instant suit is based upon an alleged indebtedness of the defendant to the plaintiff under a note executed by him which is past due and unpaid. The cause of action in the equitable suit was based upon a judgment which had been entered against the defendant in a suit in which he had not been served, the prayers of the petition being that the judgment be declared null and void and that Price be enjoined from proceeding with any further action based upon the void judgment and fi. fa. The defendant could not have set aside the judgment on the ground that he was not indebted to the plaintiff nor could the plaintiff have defended the judgment on the ground that the defendant was liable on the note. The cause of action upon which the present suit is predicated was not in any wise germane to the equitable suit, nor any issues therein, and this is true notwithstanding the fact that it was alleged in the equitable petition that the defendant was not indebted to the plaintiff. Accordingly, while the judgment entered in that suit in favor of the defendants (in the original action) is conclusive upon the parties under the doctrine of estoppel by judgment as to the issue actually determined therein—that is, the lack of service upon the defendant in the original action, it is not conclusive of the merits of the instant action, and the trial court did not err in overruling the defendant's plea of res judicata.

■ *Code Ann.* § 3-512 upon which the defendant's plea in bar is predicated, is as follows: "From and after the passage and approval of this section, any suit filed in any of the courts of this State in which no written order is taken for a period of

five years the same shall automatically stand dismissed with costs to be taxed against the party plaintiff. For the purposes of this section an order of continuance will be deemed an order. All suits which are pending upon the effective date of this section shall automatically stand dismissed five years from the date of the approval of this section unless an order shall be taken therein as provided above." (Ga. L. 1953, Nov.-Dec. Sess., p. 342).

As pointed out in 6 Mercer Law Review, p. 131, the act of 1953, supra, was passed by the General Assembly in recognition of the fact that the courts of this State had long been cluttered by a great number of cases which, to all intents and purposes had been abandoned by both parties, and in many instances had been settled without clearing the docket, and was an attempt by the legislature to relieve this situation. The purposes of this act are very succinctly stated in an opinion of the Supreme Court of the State of Washington, discussing a similar provision in the laws of that State: "The purposes of the rule are at least two-fold: first, to protect litigants from dilatory counsel; and second, to prevent the cluttering of court records with unresolved and inactive litigation." Franks v. Douglas (Wash.) 358 P2d 969, 971.

The record in this case discloses that the plaintiff filed his suit on February 28, 1953, and that a default judgment was rendered in this case on April 18, 1953. While this judgment was subsequently declared null and void in the 1958 equitable suit brought to set aside said judgment because of lack of service upon the defendants, until such determination was made, and the judgment canceled, it was a judgment final in form in a suit in which there had been an apparent final determination.

It is obvious therefore that since the primary purpose of *Code Ann.* § 3-512 was to eliminate inactive cases pending on the dockets of the courts without any disposition of the issues thereon, the provisions of this Code section were inapplicable to the instant suit during the five years in which the default judgment was allowed to stand. During this time the instant suit was not an inactive action cluttering the docket, awaiting the disposition of the issues therein, but was one in which an apparent final judgment had been entered.

Accordingly, the instant suit had not abated under the provisions of *Code Ann.* § 3-512, and the trial court did not err in overruling the defendant's plea.

*Judgement affirmed. Townsend, P. J., and Frankum, J., concur.*