### 39132. DUPRIEST v. REESE.

HALL, Judge. On May 2, 1951, Irvin Dupriest filed an action for damages in Early Superior court against Ira Reese. On July 6, 1951, the defendant filed his answer. The case was continued from time to time and on one occasion an entry was made on the docket stating "continued by consent, 7-21-1954," but no written order was made or entered therein.

The record shows that the Judge of Early Superior Court had orally stated that he was disqualified in said case and refused to try it although counsel for both sides agreed to waive his disqualification. On July 17, 1961, "Judge Jas. W. Bonner, Judge of City Court of Blakely, pro hac vice in place of Honorable W. I. Geer, disqualified," sustained defendant's motion to dismiss the petition pursuant to the provisions of Ga. L. 1953, Nov.-Dec. Sess., pp. 342, 343 (*Code Ann.* § 3-512). The plaintiff excepted. *Held:*

"The provisions of *Code* § 3-512 that any suit filed in the courts of this State in which no written order is taken for a period of five years shall automatically stand dismissed are mandatory. While it is true that this section does provide that 'for the purposes of this section an order of continuance will be deemed an order,' such an order, to avoid the automatic dismissal, must have been reduced to writing and entered in the record." *Bowen v. Morrison,* 103 Ga. App. 632 (120 SE2d 57).

The plaintiff contends in his brief that the above act does not apply where the judge of the court is disqualified. There is no reason under the law why a judge who is disqualified to preside in the trial of a case cannot enter a written order continuing the case on the ground that he is disqualified. It is true that under *Code* § 24-2623 where a trial judge is disqualified in a case it is his duty to provide a qualified judge. However, where he fails to do so, the parties litigant, by consent, may select an attorney to preside in said case. *Code*

*Ann.* § 24-2625. The record does not indicate that the plaintiff made any attempt during this ten-year period to select an attorney under this Code section. The record does indicate however that on certain occasions during the period subsequent to the filing of this petition another judge presided in Early Superior Court who was not disqualified and that on those occasions the case was continued by consent of counsel although no written order was taken as to the continuance.

We are of the opinion that the General Assembly placed the duty squarely upon the plaintiff to obtain a written order of continuance from the court and have the same entered in the record in order to avoid the mandatory provisions of *Code Ann.* § 3-512. Here the plaintiff left the preservation of whatever agreement he may have had for a continuance to the fallible memory of witnesses. The law exacts a writing.

*Judgment affirmed. All the Judges concur, except Felton, C.J., who dissents, and Custer, J., who is disqualified.*

DECIDED NOVEMBER 17, 1961.

*Stone & Stone, W. L. Stone,* for plaintiff in error.

*Phillip Sheffield,* contra.

FELTON, Chief Judge dissenting. It was held by this court in *Lewis v. Price,* 104 Ga. App. 473 (122 SE2d 129) that the purposes of the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 342; *Code Ann.* § 3-512), were to protect litigants from dilatory counsel and to prevent the cluttering of court records with inactive litigation. It is my opinion that neither purpose applies under the circumstances of this case. The act was passed to benefit the presiding judge and to protect one party in litigation from dilatory action on the part of the other party to the case. Where a trial judge is disqualified in a case it is his duty to provide a qualified judge to try the case. *Code* § 24-2623. *Code Ann.* § 24-2625 provides that a judge may be selected by an agreement between counsel, which was not done in this case. When the judge does not procure a qualified judge and there is no agreement between the parties, it is the duty of the clerk of the court to select a competent attorney practicing in the court, or judge emeritus, to try the case. In my view,

under the circumstances of this case, it was not incumbent upon the plaintiff's attorney to procure any kind of written order, either providing for the naming of a qualified judge or one for the continuance of the case. Assuming that a disqualified judge could enter a written order by consent continuing a case, such a procedure is entirely unnecessary where the judge is disqualified and the parties orally agreed that the case be continued. I think that the act of 1953 applies only to cases where the trial judge is not disqualified and where the cases which could have had some appropriate order passed in them remain on the docket because of the dilatory action by one of the parties in failing to force a judgment in writing which would have been necessary to save the case from dismissal under the act of 1953. I do not think that a party should be penalized for the failure of the judge and the clerk to perform their duties, and especially where in addition thereto there is the acquiescence of the other party in such non-action by the judge and the clerk. My views in this matter in no way conflict, in my humble opinion, with the ruling in *Bowen v. Morrison,* 103 Ga. App. 632 (120 SE 2d 57).