22238.   SWINT et al. v. SMITH et al.

Mobley, Justice.   The question presented is whether or not a pending suit was dismissed by reason of Ga. L. 1953, Nov.

Sess., pp. 342, 343 (*Code Ann.* § 3-512) because no written order was entered in the record thereof during a period in excess of 5 years. On November 9, 1953, plaintiffs filed their petition seeking an injunction and damages. An ex parte restraining order was granted and defendants filed their answer and plea. On December 3, 1962, at the December 1962 term of court, and with none of the defendants present or represented by counsel, a jury verdict in favor of the plaintiffs for $400 damages and a permanent injunction was entered. Judgment was entered on the verdict on May 1, 1963. On May 17, 1963, defendants filed a motion to set the verdict and judgment aside for a defect appearing on the face of the record, to wit: that prior to entry of the verdict and judgment no written order had been taken in the case for over 5 years and therefore the case stood dismissed before the verdict and judgment were entered. The motion to set the verdict and judgment aside came on for a hearing at which evidence was adduced by plaintiffs and defendants that no written orders of any sort were taken in the case after the ex parte restraining order and before the verdict and judgment; that the case had been continued from term to term for various reasons, usually by consent of counsel; that certain of the court calendars kept for the convenience of the judge of the superior court, which calendars do not form a part of the record of the case, were marked "Cont." opposite the name of the case; that at the September term of 1962 the case was put on the calendar and the then counsel for defendants, who thereafter withdrew as counsel before entry of the verdict and judgment, advised the court of *Code Ann.* § 3-512 and that one of the defendants had died; that the judge granted a continuance, stating that under those circumstances he would continue the case for the term. After hearing the aforesaid evidence, the trial court denied the motion to set the verdict and judgment aside. This judgment is assigned as error. *Held:*

1. "From and after the passage and approval of this section, any suit filed in any of the courts of this State in which no written order is taken for a period of five years the same shall automatically stand dismissed with costs to be taxed against the party plaintiff. For the purposes of this section an order of continuance will be deemed an order. All suits which are pending upon the effective date of this section shall automatically stand dismissed five years from the date of the

approval of this section unless an order shall be taken therein as provided above." Ga. L. 1953, Nov. Sess., pp. 342, 343 (*Code Ann.* § 3-512). The Act is mandatory. It places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record. *Bowen v. Marrison,* 103 Ga. App. 632 (120 SE2d 57); *Lewis v. Price,* 104 Ga. App. 473 (122 SE2d 129); *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161).

2. Paragraph 14 of plaintiffs' answer to defendants' motion to set the verdict and judgment aside is too indefinite to raise any question as to the constitutional application of Ga. L. 1953, Nov. Sess., pp. 342, 343 (*Code Ann.* § 3-512) to the present case because it fails to specify the Act of the General Assembly attacked and the particular provision of the Constitution alleged to have been violated. *Adams v. Ray,* 215 Ga. 656 (113 SE2d 100); *Prince v. Thompson,* 215 Ga. 860 (113 SE2d 772); *Underwood v. Atlanta &c. R. Co.,* 217 Ga. 226 (122 SE2d 100); *Williams v. State,* 217 Ga. 312 (122 SE2d 229).

3. The operation of *Code Ann.* § 3-512 can not be waived by a party litigant because that section has at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel, *City of Chamblee v. Village of North Atlanta,* 217 Ga. 517, 523 (123 SE2d 663), *Lewis v. Price,* 104 Ga. App. 473, 476, supra, and a party can not waive or renounce his rights when to do so would injure others or affect the public interest. *Code* § 102-106; *Yeomans v. Williams,* 117 Ga. 800, 803 (45 SE 73); *Watts v. Watts,* 130 Ga. 683 (61 SE 593); *MacNeill v. Steele,* 186 Ga. 792, 795 (199 SE 99); *Tatum v. Tatum,* 203 Ga. 406 (46 SE2d 915); *Webb v. Henlery,* 209 Ga. 447, 449 (74 SE2d 7). The enactment of section 3-512 is a declaration of the General Assembly that it is in the public interest to remove from court records litigation which has been inactive for a period of five years. Furthermore, a continuance of the case at the instance of counsel for defendants, if he had it continued, which is denied, if a waiver of defendants' rights under section 3-512 were possible and, if amounting to a waiver, would not reinstate the case which had been dismissed by operation of section 3-512 several years

before. There was no case pending to be continued or to be tried.

4. An automatic dismissal of this case by reason of *Code Ann.* § 3-512 would not in any way be affected or prevented by the fact that when the case was originally filed the court granted an ex parte restraining order until further order of the court. This was a pending action in which no final order had been entered and was subject to dismissal by section 3-512.

5. Plaintiffs' contention that the five year period of *Code Ann.* § 3-512 had not run because *Code* §§ 3-803, 3-804, and 3-806, relating to the tolling of limitations for any period, not to exceed five years, during which an estate is unrepresented, tolled the running of the five year period when one of the defendants died on January 9, 1958, is without merit because the five year period of section 3-512 is not a limitation within the meaning of those provisions of the Code. Furthermore, the fact that one of the defendants died would not prevent the dismissal under section 3-512 of a pending action because the purpose of that section is to penalize plaintiffs for nonaction and not to benefit them, which a refusal to dismiss this action would do.

6. There being of record in this case no written order of any sort during a period in excess of five years, the case stood automatically dismissed by operation of law prior to entry of the verdict and judgment for the reasons stated in Division 1 of this opinion.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 12, 1963—DECIDED JANUARY 10, 1964.

*Carl K. Nelson, Jr., Nelson & Nelson,* for plaintiffs in error.
*Irwin L. Evans, J. Benton Evans, Casey Thigpen,* contra.