### 23215. BURGESS et al. v. STATE OF GEORGIA.

CANDLER, Presiding Justice. On April 30, 1960, the State of Georgia by and through Honorable Clete D. Johnson as Solicitor General of the Northern Judicial Circuit filed a petition in the Superior Court of Oglethorpe County under and pursuant to the provisions of *Code* § 58-105 against Lee H. Burgess and Charles M. Johnson to abate as a common nuisance a described building where prohibited liquors and beverages were allegedly being kept and sold by them. Besides for process and service, the petition prayed for an injunction to prohibit the defendants, their lessees, servants and employees from using such building for any purpose whatsoever, for an order directing the sheriff to padlock such building and for any other order which might be necessary to effectively abate such common nuisance. The defendants answered the petition and denied all of its allegations. At an interlocutory hearing on June 2, 1960, the judge granted an order directing the Sheriff of Oglethorpe County to securely lock and fasten such building so as to prevent its use and occupancy by the defendants, or others, and to keep it padlocked until further order of the court. On September 18, 1965, the defendants filed a motion in the same court to dismiss the pending abatement proceeding and to tax costs against the plaintiff on the ground that more than 5 years had elapsed since any written order had been taken in the case. The facts alleged in the motion were not denied but on the hearing of it counsel for the State argued that the abatement proceeding was quasi-criminal in nature and not a civil suit. The motion to dismiss the proceeding was denied and movants gave notice of an appeal. *Held:*

An Act approved December 22, 1953 (Ga. L. 1953, Nov. Sess., pp. 342, 343; *Code Ann.* § 3-512) in part provides: ". . . any suit filed in any of the courts of this State in which no written order is taken for a period of five years the same shall automatically stand dismissed with the costs to be taxed against the party plaintiff. . ." By its express terms this Act applies to any suit, and a proceeding to abate a common nuisance is a civil suit. *Thompson v. Simmons & Co.*, 139 Ga. 845 (5), 847 (78 SE 419). The interlocutory order which the judge granted in this case on June 2, 1960, left it pending in court for trial before a jury (*Pullen v. Meadors*, 196 Ga.

796, 802 (27 SE2d 655)); and since no written order of any kind was taken in the case for a period of more than 5 years immediately before the dismissal motion was filed, the court erred in overruling the motion to dismiss such pending suit and to tax costs against the plaintiff.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED NOVEMBER 9, 1965—DECIDED DECEMBER 6, 1965.

*Guy B. Scott, Jr., Jim Hudson, Hudson & Stula,* for appellant. *Clete Johnson,* for appellee.