56314. PARKERSON v. INDIES COMPANY, LTD. et al.
56315. BAILEY et al. v. INDIES COMPANY, LTD. et al.
56316. GIBBS v. INDIES COMPANY, LTD. et al.
56317. LEAPHART v. INDIES COMPANY, LTD. et al.
56318. HARPER v. INDIES COMPANY, LTD. et al.
56319. BENNETT v. INDIES COMPANY, LTD. et al.
56320. YEOMANS v. INDIES COMPANY, LTD. et al.
56321, 56322. FENDER v. INDIES COMPANY, LTD. et al. (two cases).
56323. RHODEN v. INDIES COMPANY, LTD. et al.

SHULMAN, Judge.

On December 15, 1971, eleven complaints were filed against the appellees in this consolidated appeal. Those cases were assigned the designation of Civil Actions 8013-A through 8013-K. On December 15, 1976, all but one of the actions, C. A. 8013-C, were dismissed by the clerk, in accordance with Code Ann. § 81A-141 (e), because no order had been entered in those cases for five years. In September, 1977, appellants filed a motion to set aside the dismissals. Their motion was predicated on two arguments: that a document sent to the attorneys and the clerk of the court by the trial judge, assigning all eleven cases to the trial calendar, constituted an order; and that

an order denying a motion to dismiss in C.A. 8013-C was intended to apply to all eleven cases. C.A. 8013-C is still pending below. This appeal is from the denial of appellants' motion.

1. The letter assigning the cases to trial was found by the trial court to be no more than it appeared to be: a letter. Testimony of the clerk of the court, called as a witness for appellants, indicated that the letter he received from the trial judge was an unsigned carbon copy of a letter to the attorneys. The letter was not an order within the meaning of Code Ann. § 81A-141 (e). See *Majors v. Lewis,* 135 Ga. App. 420 (218 SE2d 130); *Ga. Power Co. v. Whitmire,* 146 Ga. App. 29 (Ia) (245 SE2d 324).

2. A motion to dismiss one defendant was filed in C.A. 8013-C. An order denying the motion was entered in the record of that case only. Appellants contend that the motion and the order denying it applied to all the cases pursuant to an alleged oral agreement of counsel. Under oath, appellees' counsel steadfastly denied any such agreement.

"No consent or agreement between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." Code Ann. § 24-3339; Rule 39, Rules of the Superior Courts.

In *Stone Mtn. Confederate Assn. v. Smith,* 170 Ga. 515, 521 (153 SE 209), the Supreme Court construed that rule in the context of an oral agreement: "We are of the opinion that the proper construction of this is, that where the consent or agreement in question is denied by the opposite party, such consent will not be enforced by the court." Accordingly, the absence of a writing and the denial of the agreement by appellees' counsel demanded the trial court's rejection of appellants' claim that the agreement was subject to enforcement by the court.

3. Appellants argue that, as to both the letter assigning the cases to the trial calendar and the order entered in C.A. 8013-C, there were clerical mistakes correctable under Code Ann. § 81A-160 (g). The corrections they claim are necessary are adding a

signature to the judge's letter assigning the cases to the trial calendar and changing the caption of the order entered in C.A. 8013-C to reflect that the order applied to all the companion cases as well.

That argument is without merit. Appellants have made no showing that the alleged clerical mistakes were in fact mistakes. Testimony indicated that the unsigned carbon copy of a letter setting the cases for trial was the usual means of assigning cases to the trial calendar. Other than the alleged agreement between counsel, reliance upon which is foreclosed by Code Ann. § 24-3339, appellants made no showing that the order denying the motion to dismiss in C.A. 8013-C was intended to apply to other cases. Having produced no evidence compelling the conclusion that the omitted signature and the allegedly incomplete caption were clerical errors, appellants are entitled to no relief under Code Ann. § 81A-160 (g). See generally *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 14, 1978.

*Taylor, Bishop & Lee, Thomas J. Lee,* for appellants.
*John W. Sognier, Archie L. Morris, Owen H. Page,* for appellees.