71247. BECK v. DEAN.
(338 SE2d 693)

BIRDSONG, Presiding Judge.

Plaintiff below, Ann Beck, appeals from an order of dismissal of the trial court. Beck purchased a policy of insurance from First of Georgia Underwriters Company on her 1969 Chevrolet, through defendant, Nathan Dean d/b/a Young Insurance Agency. Thereafter she

was involved in an automobile collision and Dean and the insurance company disagreed as to the coverage on her car. She brought this action against Dean and First of Georgia. On motion for summary judgment, First of Georgia was dismissed on March 31, 1980. That order was filed the same date. No further action is indicated by the record until March 29, 1985, when plaintiff filed a motion for continuance and obtained a "Rule Nisi," signed by the trial judge and filed that day, March 29, 1985. A hearing was set for April 16, 1985, on whether to grant the motion. On May 21, 1985, the motion was denied and the action was dismissed. The trial court held that the "Rule Nisi" entered on March 29, 1985, was not an "order" within the meaning of OCGA § 9-2-60 and the action was dismissed. Plaintiff Beck brings this appeal. *Held*:

1. Under our Code, OCGA §§ 9-2-60 (b) and 9-11-41 (e), any action filed in any of the courts of this state "in which no written order is taken for a period of five years shall automatically stand dismissed. . . ." The issue presented is whether a "rule nisi" is such an "order" as would toll the running of the five years to avoid the automatic dismissal by statute. We find that it is not and affirm the trial court.

The law distinguishes between a "rule" and an "order." The terms are almost synonymous but there is a distinction. Black defines a "rule nisi" as a rule which will become imperative and final unless cause be shown against it. Black's Law Dictionary. An "order" is defined as "[e]very direction of a court or judge made or entered in writing, and not included in a judgment." Id. A "rule" has been interpreted by a court as a specific direction or requirement of a court with respect to performance of some act incidental thereto. See generally 56 AmJur2d 3-4, Motions, Rules and Orders, §§ 2, 3. An "order" is generally a judgment or conclusion of a court by which affirmative relief is granted or denied. Id. Hence, a "rule nisi" is an order which directs a party to show cause why the rule should not be made absolute and will become a "rule absolute" unless such cause is shown. Id. A "rule" is ex parte and generally pro forma, whereas an order is usually the conclusion and judgment of a court on an issue after consideration of the arguments and briefs of both parties. A "rule nisi" is not a judgment on an issue.

The predecessor statutes to our present operative statutes cited above, Code Ann. §§ 3-512 and 81A-141, were interpreted as having a dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel. *Swint v. Smith*, 219 Ga. 532, 534 (134 SE2d 595). The rule nisi in the instant case was for the purpose of securing a continuance. That intent cannot be interpreted as having a purpose of resolving the inactive litigation but only to further delay the already pro-

tracted action. As we observed in an earlier case on a similar issue, "[t]here was in fact complete nonaction so far as any ruling on any question was concerned." *Maroska v. Williams*, 146 Ga. App. 130, 131 (245 SE2d 470), revd. in part, *Jefferson v. Ross*, 250 Ga. 817, 818 (301 SE2d 268).

In *Majors v. Lewis*, 135 Ga. App. 420 (218 SE2d 130), we found that pretrial instructions, with the printed signature of the judge, which had not been entered, was not an order. This court also held in *Georgia Power Co. v. Whitmire*, 146 Ga. App. 29 (245 SE2d 324) that neither a notation by the judge as to a continuance "by agreement," nor a trial calendar, designated "order assigning case for trial" were sufficient to avoid operation of the five-year nonaction dismissal rule. In a similar case, *Parkerson v. Indies Co.*, 148 Ga. App. 106 (251 SE2d 98), we found that a letter sent to the clerk and the attorneys of both parties by the trial judge was not such an order as would toll the running of the five-year period.

The ex parte, pro forma, rule signature is similar in nature to the assignment of a case to a trial calendar, which we have held would not toll the running of the five-year period for automatic dismissal. We conclude that although a "rule nisi" is an "order" in the general sense, it is, first and foremost, a "rule" and it is not such an "order" envisioned by the framers of our code as would tend to resolve "inactive litigation," and insofar as the purpose of the "rule nisi" was to further extend the period of time for automatic dismissal, it was ineffective.

2. Inasmuch as the rule nisi was ineffective to extend the five-year automatic dismissal period, the denial of the motion for continuance on May 21, 1985, was not error when the action was automatically dismissed on March 31, 1985. See *Stone v. Green*, 163 Ga. App. 18 (1) (293 SE2d 506).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 15, 1985 —
REHEARING DENIED DECEMBER 3, 1985 —

*William J. Perry, T. Peter O'Callaghan*, for appellant.
*Wayne W. Gammon*, for appellee.