A90A1801, A90A1802. KACHWALLA v. BYRNE (two cases).
(402 SE2d 74)

COOPER, Judge.

In Case No. A90A1801, appellant appeals the trial court's orders granting appellee's motion to set aside the judgment and dismissing the case pursuant to OCGA § 9-2-60 (b). In Case No. A90A1802, appellant appeals the trial court's order denying his motion to reconsider the order setting aside the judgment.

The issue raised by both appeals is whether the trial court erred in holding that there was a five-year period without a written order in this case as set forth in OCGA § 9-2-60 (b). That statute provides that "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." The record reveals that appellant filed the instant lawsuit on March 8, 1979; that on June 1, 1981, the court's order denying appellee's motion for summary judgment was filed; and on June 4, 1981, the trial court issued a certificate for immediate review of the order denying the summary judgment. On July 2, 1981, this court denied appellee's application for an interlocutory appeal by an order which was not filed in the records of the trial court. No further orders were reflected in the record until July 2, 1986, when the trial court issued an order for a pre-trial conference. The case went to trial before the court, and a judgment for appellant was entered on April 21, 1988. Appellee filed a motion to set aside the judgment on April 14, 1989, and the orders granting the motion to set aside and dismissing the case were entered on September 19, 1989. In setting aside the judgment, the trial court found that no written order had been entered in the case from June 4, 1981 until July 2, 1986, and therefore the five-year rule mandated a dismissal of the case and a setting aside of the judgment.

Appellant argues that the July 2, 1981, order of this court denying an interlocutory appeal was the order from which the five-year period began. Appellant goes on to contend that the five-year period

would then begin on July 3, 1981, and expire at midnight on July 2, 1986. According to appellant, since the trial court's order establishing the pre-trial conference was entered on July 2, 1986, the five-year rule does not work to automatically dismiss the case. We disagree with appellant. " 'In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. . . . (T)he statute's provisions are mandatory and dismissal is automatic and by operation of law. The statute places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five-year period and to make sure the same is entered in the record. Neither the trial court nor this court has the discretion to reinstate [the] case.' [Cits.]" *Bainbridge & Assoc., Architects v. Johnson*, 183 Ga. App. 784 (360 SE2d 273) (1987). The appellate court order issued in this case was not an order signed by the trial court and was not entered in the records of the trial court. The last order satisfying the statute was entered on June 4, 1981. See *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309 SE2d 635) (1983); *Milam v. Mojonnier Bros. Co.*, 135 Ga. App. 208, 211 (217 SE2d 355) (1975). The order for the pre-trial conference was entered beyond the five-year period, and the court was not in error to dismiss the case. "[A]fter automatic dismissal as required by the statute, the case is no longer pending, and any further action, even trial and verdict, is a mere nullity. The question is not waiver but jurisdiction." *Salter v. Chatham County*, 136 Ga. App. 914 (2) (222 SE2d 638) (1975). See also *Earp v. Kranats*, 184 Ga. App. 316, 317 (361 SE2d 217) (1987). Accordingly, the trial court was not in error to set aside the judgment or to deny the motion for reconsideration.

*Judgments affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 1, 1991.

*J. Frank Bradford*, for appellant.
*M. Fred Schuster, Alan I. Seitman*, for appellee.