A93A0149, A93A0150. TILLETT BROTHERS CONSTRUCTION COMPANY, INC. v. DEPARTMENT OF TRANSPORTATION; and vice versa.
(435 SE2d 241)

POPE, Chief Judge.

The case giving rise to these cross-appeals is a renewal action of a previous case which was dismissed pursuant to OCGA § 9-2-60 (b) because no written order had been taken in the case for a period of five years. The complaint in this renewal action was filed on May 31, 1991. The complaint in the previous case was filed July 22, 1985 by the Georgia Department of Transportation ("DOT") against Tillett Brothers Construction Company, Inc. ("Tillett"), a contractor on a certain DOT project. On August 22, 1985 Tillett filed an answer and counterclaim against DOT. On December 4, 1985, the trial judge entered the following "order" in that case: "The court orders this case to be on the inactive list until further order of court." Although the parties dispute when the complaint and counterclaim were dismissed pursuant to OCGA § 9-2-60 (b), the case was dismissed automatically under that statute no later than December 4, 1990.

### Case No. A93A0149

1. The issue presented in this appeal is whether the December 4, 1985 order in the previous case is an order within the meaning of OCGA § 9-2-60 (b). If it is, this renewal action filed on May 31, 1991 would be timely filed pursuant to OCGA §§ 9-2-60 (c) and 9-2-61 (a). Tillett contends that the trial court erred in holding the December 4, 1985 order of the trial court was not an order as contemplated by OCGA § 9-2-60 (b) and dismissing this renewal action as untimely filed. We agree and reverse.

The trial court made the following findings of fact and conclusions of law regarding that order: "In the previous case, DOT moved to have the case placed on an inactive list until further order of the court. The court granted DOT's motion. DOT contends that the 1985 order did not grant 'affirmative relief.' The Court finds that the 1985 order was, at most, a notice to the parties that the case would not be tried in the foreseeable future. There is no such legal status, calendar, or docket known as an 'inactive list.' It had no binding legal impact on either the case or the parties." (Paragraph indentation omitted.)

The five-year dormancy period authorizing dismissal of a case is broken whenever a written order which is signed by the trial judge is

filed by the clerk of the court. The document in question is styled as an order, was signed by the trial judge and filed by the clerk of court. Cf. *Beck v. Dean*, 177 Ga. App. 144 (338 SE2d 693) (1985) (document was a rule nisi). The purpose of the document was to grant DOT's motion to place the case on an "inactive list." Although trial courts may not maintain an actual "inactive list," the effect of the disputed "order" was to remove the case from the trial court's active cases and to continue (rather than dismiss) the case until further order. Subsection (a) of OCGA § 9-2-60 clearly provides that an order granting a continuance is an order for purposes of subsection (b). It is not necessary for an order to advance or resolve a litigation matter for the order to be an order within the meaning of OCGA § 9-2-60. See *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989) (holding a written order granting a leave of absence to defense counsel is an order within the meaning of OCGA § 9-2-60). To the extent the dicta in our decision in *Beck v. Dean*, supra at 144 (1) suggest that an order granting a continuance or any order that would delay the resolution of pending litigation is not an order within the meaning of OCGA § 9-2-60 that case is disapproved.

Because the last order filed in the previous case, the December 4, 1985 order, is an order within the meaning of OCGA § 9-2-60, the previous case would have been automatically dismissed pursuant to OCGA § 9-2-60 (b) on December 4, 1990. Therefore this renewal action filed on May 31, 1991 is timely filed pursuant to OCGA §§ 9-2-60 (c) and 9-2-61 (a). The trial court's dismissal of the renewal action on the basis that it was untimely filed was erroneous.

## Case No. A93A0150

2. This appeal presents the issue of whether the trial court erred in holding Tillett, a Tennessee corporation whose certificate of authority to transact business in Georgia was revoked in 1989, can maintain this renewal action filed in 1991. The trial court held that because Tillett filed its counterclaim in the previous case while it possessed a valid certificate of authority, a timely renewal of Tillett's counterclaim in the previous case would not be barred because Tillett did not possess a certificate of authority to transact business in Georgia at the time it filed this renewal action.

OCGA § 14-2-1502 sets forth the consequences of transacting business in Georgia without a certificate of authority. Subsection (a) of that statute provides: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." That statute must be read in conjunction with OCGA § 14-2-1501 (b) (1) which provides that "[m]aintaining or defending any

action or any administrative or arbitration proceeding or effecting the settlement thereof or the settlement of claims or disputes" does not constitute transacting business in this state. While these statutes appear inconsistent, when the comments to those statutes are also considered those statutes can be read consistently. OCGA § 14-2-1501 (b) allows a foreign corporation which has not transacted and is currently not transacting business in Georgia to maintain or defend a suit in this state even though such a corporation does not have a certificate of authority to transact business in this state. On the other hand, OCGA § 14-2-1502 bars a foreign corporation which is transacting, or has transacted, business in Georgia from filing or maintaining a lawsuit in this state *unless* the foreign corporation obtained the requisite certificate to transact business in Georgia either (1) before or while it was transacting business in the state, or (2) if it did not obtain the requisite certificate before or while transacting business in this state and sought to maintain a proceeding in a court of this state after it was no longer transacting business in this state before that action was filed. In this case, although Tillett did not have a certificate to transact business in this state in 1991 when it filed this renewal action, it had the requisite certificate at all times it transacted business in Georgia. Accordingly, the trial court correctly held that Tillett's failure to obtain a certificate of authority to transact business in Georgia in 1991 does not bar this action since Tillett possessed a certificate to transact business in Georgia at all times it transacted business in Georgia.

3. We must also consider whether Tillett is a proper party plaintiff in this renewal action. In the first paragraph of its complaint Tillett pleads it "is a Tennessee corporation registered to do business in the [S]tate of Georgia during the time when the events set out herein arose. Tillett . . . is now inactive." DOT argues that because Tillett was a defunct corporation at the time this renewal action was commenced, this action is a nullity because it is not being prosecuted in the name of the real party in interest. Tillett argues that because under both Georgia and Tennessee law a dissolved corporation is entitled to wind up its affairs, it can properly prosecute this action. With regard to this issue the trial court held that because Tillett was administratively dissolved by the Georgia Secretary of State in July 1989 and this action is a renewal of an action that was pending at that time, this suit can proceed as if dissolution of Tillett had never taken place.

We initially note that the Georgia Secretary of State does not have authority to dissolve a Tennessee corporation. The Secretary, however, may revoke the certificate of authority of a foreign corporation to transact business in Georgia, which the record reveals the Secretary did on July 24, 1989. This renewal action was filed on May 31,

1991. With the exception that the renewal action relates back to the filing of the complaint in the previous case with regard to the applicable statute of limitation, any action which is renewed pursuant to OCGA §§ 9-2-60 and 9-2-61 (a) is an action de novo. Therefore, the trial court's reliance on *Rosing v. Dwoskin Decorating Co.*, 141 Ga. App. 617, 618 (234 SE2d 128) (1977) is misplaced since that case involved an action that was *pending* at the time of the dissolution of the corporate plaintiff and subsequent transfer of assets to another corporation.

We also note that there is no evidence in the record showing that Tillett has been dissolved under Tennessee law. The parties do not argue and we are not aware of any legal significance of Tillett's admission in the complaint that it is an "inactive" corporation. In its brief, however, Tillett argues that a corporation which has been "dissolved" under either Georgia or Tennessee law may maintain an action to wind up its affairs. For purposes of this discussion, we will assume that Tillett has been dissolved pursuant to the Tennessee Business Corporation Act.

We must decide whether a foreign corporation which has been dissolved pursuant to the law of its state of incorporation may assert a cause of action in Georgia after it has been dissolved. We look first to OCGA § 9-11-17 which provides in pertinent part, "[e]very action shall be prosecuted in the name of the real party in interest. . . . The capacity of a corporation to bring or defend an action shall be determined by the law under which it was organized, unless a statute of this state provides to the contrary." This statute applies to dissolved as well as active corporations. See generally *Oklahoma Natural Gas Co. v. Oklahoma*, 273 U. S. 257, 260 (47 SC 391, 71 LE 634) (1927). Tillett was incorporated in Tennessee and its capacity to sue and be sued is governed by the law of that state.

At common law the dissolution of a corporation terminated its legal existence. *Melrose Distillers v. United States*, 359 U. S. 271, 272 (79 SC 763, 3 LE2d 800) (1959). Consequently, parties having claims against the dissolved corporation then brought suits in equity against directors and shareholders on the principle of tracing the funds of the dissolved corporation. Ultimately all states adopted statutes which prolong the life of a corporation after dissolution to allow the corporation to dispose of its affairs in an orderly fashion. Model Business Corporation Act Ann. 2d, § 205, p. 2 (1971). Both Georgia and Tennessee have adopted statutes which provide in pertinent part that dissolved corporations may continue their corporate existence but may not carry on any business except that necessary to wind up and liquidate their business and affairs. OCGA § 14-2-1421 and Tenn. Code § 48-24-105. Because a dissolved corporation would retain capacity under Tennessee law to prosecute an action to wind up

its affairs, the trial court correctly held that Tillett had the capacity to bring this renewal action. See generally *Johnson v. Helicopter &c. Svcs. Corp.*, 404 FSupp. 726 (D. Md. 1975); compare *Trust Co. of Ga. v. Mortgage-Bond Co. of N.Y.*, 203 Ga. 461 (46 SE2d 883) (1948) (holding that Section 36 of the Corporation Act of 1938, which allowed a corporation to be continued for a term of three years after dissolution, did not apply to a foreign corporation that had never done business in Georgia) with *Employers' Liability Assur. Corp. v. Keelin*, 132 Ga. App. 459, 462 (208 SE2d 328) (1974) (a decision rendered before Georgia adopted the Model Business Corporation Act holding that after a corporation has dissolved and disposed of all of its assets it cannot prosecute a suit in its name). A judgment that is right for any reason will be affirmed by this court. *Turner v. MCI Telecommunications Corp.*, 203 Ga. App. 71, 76 (416 SE2d 370) (1992). Accordingly, we affirm the trial court's holding that Tillett had capacity to bring this action.

*Judgment reversed in Case No. A93A0149. Judgment affirmed in Case No. A93A0150. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 30, 1993 —
RECONSIDERATIONS DENIED AUGUST 23, 1993 ▮▮▮▮▮▮▮▮

*Smith, Currie & Hancock, Robert B. Ansley, Jr., Fredric W. Stearns, Joseph P. Henner*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, William G. Cromwell, Lisa H. O'Day, Staff Attorneys*, for appellee.