S93G1918. DEPARTMENT OF TRANSPORTATION v. TILLETT BROTHERS CONSTRUCTION COMPANY, INC.
(443 SE2d 610)

FLETCHER, Justice.

On July 22, 1985, the Georgia Department of Transportation ("DOT") filed a complaint against Tillett Brothers Construction Company, Incorporated ("Tillett") seeking money damages for Tillett's alleged breach of a certain DOT contract. Tillett answered the complaint and filed a counterclaim against DOT on August 23, 1985. On December 4, 1985, in response to DOT's unopposed motion to stay discovery, the trial judge issued and had filed a signed order advising the parties and the court clerk's office that the action was to be placed on the court's "inactive list." No further action was taken by

either party until May 31, 1991, when Tillett filed a reconstituted counterclaim as a separate suit against DOT. See OCGA §§ 9-2-60 (c) and 9-2-61 (Georgia's renewal statute).

On DOT's motion, the trial court dismissed Tillett's renewal action as untimely under OCGA § 9-2-60 (b) because no written order had been entered in the previous action for more than five years and, therefore, the action was automatically dismissed as of August 23, 1990. The Court of Appeals reversed in *Tillett Bros. Constr. Co. v. Dept. of Transp.*, 210 Ga. App. 84 (435 SE2d 241) (1993), holding that the court's December 4, 1985 order placing the action on the "inactive list" was a written order within the meaning of the automatic dismissal statute, OCGA § 9-2-60 (b), thereby tolling the running of the five-year rule. We granted certiorari and affirm.

DOT argues that the December 4, 1985 order is not an order within the meaning of § 9-2-60 (b) because it was not obtained by Tillett and because the court does not maintain an "inactive" case list. For these reasons, DOT contends, the December 4, 1985 order was insufficient to toll the running of the five-year period and Tillett's renewal action was untimely filed.

OCGA § 9-2-60 (b) provides that any action "filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed."[1] To satisfy the requirements of § 9-2-60 (b), "an order must be written [cit.], signed by the trial judge [cit.], and properly entered in the records of the trial court by filing it with the clerk." *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309 SE2d 635) (1983); see *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127 (441 SE2d 755) (1994); see generally *Intl. Longshoremen's Assn. v. Saunders*, 182 Ga. App. 301 (2) (355 SE2d 461) (1987) (defining "filing" for purposes of § 9-2-60 (b)). This bright-line rule of enforcement furthers the dual purpose of § 9-2-60 to prevent "court records from becoming cluttered by unresolved and inactive litigation and protect[ ] litigants from dilatory counsel," *Swint v. Smith*, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964), by adding certainty and objective consistency to the manner in which its provisions are applied.

Applying this definition of an "order," a grant of a leave of absence, *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989), a grant of a continuance, *Swint*, supra, and OCGA § 9-2-60 (a), an order allowing an amendment to a petition, *Butler v. Claxton*, 221 Ga. 620 (146 SE2d 763) (1966), and an interlocutory order, *Burgess v. State*, 221 Ga. 586 (146 SE2d 288) (1965),

---

[1] The provisions of this section are mandatory and dismissal occurs by operation of law. *Swint v. Smith*, 219 Ga. 532 (1) (134 SE2d 595) (1964); *Stephens v. Stovall &c.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638) (1987).

have all been recognized to be orders within the meaning of § 9-2-60 (b) where such orders are written, signed by the court, and filed in the court records. Likewise, an appellate court order, *Kachwalla v. Byrne*, 198 Ga. App. 454 (402 SE2d 74) (1991), an oral court order, *Maroska v. Williams*, 146 Ga. App. 130 (245 SE2d 470) (1978), an unsigned entry in a court docket sheet, *Hoyal*, supra, and a rule nisi, *Beck v. Dean*, 177 Ga. App. 144, 145 (338 SE2d 693) (1985), have all been recognized as insufficient to toll the running of the five-year rule because they failed to satisfy one or more of the statutory criteria. A review of these cases makes it clear that by the plain language of § 9-2-60 (b) an order need not advance or resolve litigation, grant or deny affirmative relief, or be obtained by a particular party, as opposed to a party, in order to toll the running of the five-year period. Cf. *Beck v. Dean*, supra at 145 (an order is "generally a judgment or conclusion of a court by which affirmative relief is granted or denied").

This is not to say that every directive signed by a trial court that is made or may be deemed part of the record is an order within the meaning of § 9-2-60 (b). The primary purpose of the statute is to protect litigants from dilatory counsel, *Swint*, 219 Ga. at 534. Accordingly, an order as contemplated by the statute is an order entered by a court in response to a motion initiated by a party. Housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and would not toll the statute. See *Scott*, 168 Ga. App. 548.

The written order issued by the court on December 4, 1985 was signed by the trial judge and entered in the records of the court in response to DOT's motion to stay discovery. Inasmuch as the December 4, 1985 order complied with the requirements of § 9-2-60 (b), the previous action was dismissed by operation of law on December 4, 1990 and Tillett's renewal action was timely filed on May 31, 1991. The trial court's dismissal of the renewal action on the basis that it was untimely filed was erroneous.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1994.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Lisa H. O'Day, Carol A. Callaway, Assistant Attorneys General,* for appellant.

*Smith, Currie & Hancock, Robert B. Ansley, Jr., Fredric W.*

*Stearns, Joseph P. Henner,* for appellee.