A94A2584. MAY DEPARTMENT STORE et al. v. CENTER DEVELOPERS, INC. et al.
A94A2585. HARTFORD ACCIDENT & INDEMNITY COMPANY v. CENTER DEVELOPERS, INC. et al.
A94A2586. ALLSTATE INSURANCE COMPANY v. CENTER DEVELOPERS, INC. et al.
A94A2587. NATIONWIDE MUTUAL INSURANCE COMPANY v. CENTER DEVELOPERS, INC. et al.
A94A2588. JEWELERS MUTUAL INSURANCE COMPANY v. CENTER DEVELOPERS, INC. et al.
A94A2589. ASSOCIATION OF APRIL MARCUS v. LOTZ et al.
A94A2591. HOME INSURANCE COMPANY v. CENTER DEVELOPERS, INC. et al.
(474 SE2d 734)

McMurray, Presiding Judge.

In these related appeals, the plaintiffs are a tenant, the owner of a tenant, or else the subrogated insurer of a tenant, seeking to recover for property damage and business interruption losses resulting from two fires allegedly caused by negligence attributable to defendant Center Developers, Inc. and others. The trial court granted summary judgment to all defendants in each case, concluding that in the respective leases, the tenants had expressly waived any claim of subrogation and had agreed with Center Developers to hold each other harmless to the extent permitted by their respective fire insurance policies. Appellate consideration of these judgments resulted in three rulings by the whole court. *Southern Trust Ins. Co. v. Center Developers*, 217 Ga. App. 215 (456 SE2d 608). In Case Nos. A94A2583 and A94A2590, the whole court reversed the grant of summary judgment, holding that the trial court erred in failing to recognize the distinction between coverage under a liability policy and coverage under a property insurance policy. Id. at 220 (4). Certiorari was not sought with respect to that ruling. Certiorari was, however, granted by the Supreme Court of Georgia to consider our affirmance of summary judgment in Case Nos. A94A2585, A94A2586, A94A2587, A94A2588, A94A2589, and A94A2591, holding that the language employed in the leases was a valid waiver of the subrogation clause, and did not violate OCGA § 13-8-2. Id. at 216 (1). Certiorari was further granted in Case No. A94A2584 to consider our reversal of summary judgment on the grounds that any subrogation claims presented by the Interested Underwriters, although barred by the lease, were not pursued on appeal and that the claims of plaintiff May Department Store for uninsured losses were not barred by subrogation. Id. at 218 (3). Pursuant to the grants of certiorari these appeals were consolidated in *May Dept. Store v. Center Developers*, 266 Ga. 806 (471 SE2d 194). Therein the Supreme Court affirmed

our affirmance of summary judgment in Case Nos. A94A2585, A94A2586, A94A2587, A94A2588, A94A2589 and A94A2591. However, as to Case No. A94A2584, the Supreme Court determined that the Interested Underwriters were, in fact, parties to the appeal and further "agree[d] with the Court of Appeals' conclusion that the waiver of subrogation clause in the [applicable] lease is a valid one. . . ." Id. at 810 (3). Consequently, the Supreme Court "h[e]ld that the claims of the Interested Underwriters [were] barred by the waiver of subrogation. However, [the Supreme Court] agree[d] with the Court of Appeals that to the extent that May's losses may not have been covered by the required insurance, summary judgment was inappropriate. . . . With the [single] exception, noted above, of the claims of the Interested Underwriters, the judgment of the Court of Appeals with respect to all parties to this appeal is affirmed." Id. at 811 (3). Accordingly, in Case No. A94A2584, reported at 217 Ga. App. 215, 218 (3), supra, our judgment is vacated, and the judgment of the Supreme Court is made the judgment of the Court of Appeals. Therefore, the judgment of the trial court in Case No. A94A2584 is affirmed in part and reversed in part. With respect to Case Nos. A94A2585, A94A2586, A94A2587, A94A2588, A94A2589, and A94A2591, the trial court's grant of summary judgment is affirmed.

*Judgments affirmed in Case Nos. A94A2585, A94A2586, A94A2587, A94A2588, A94A2589, and A94A2591. Judgment affirmed in part and reversed in part in Case No. A94A2584. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn, Smith and Ruffin, JJ., concur.*

DECIDED AUGUST 19, 1996.

*McPhail & Marmur, Jon B. McPhail, Sari B. Marmur*, for appellants.

*Duncan & Mangiafico, Leslie P. Becknell*, for appellees.

*Lokey & Smith, Malcolm Smith*, amicus curiae.