A05A1377. CENTER DEVELOPERS, INC. et al. v. SOUTHERN TRUST INSURANCE COMPANY.
(622 SE2d 31)

ANDREWS, Presiding Judge.

We granted the application for interlocutory appeal of Center Developers, Inc. and other defendants below for the sole purpose of deciding whether the trial court erred in concluding that the pending actions had not been dismissed by operation of law pursuant to OCGA §§ 9-11-41 (e) and 9-2-60 (b).[1]

The factual and procedural contexts of these cases are fully set out in *Southern Trust Ins. Co. v. Center Developers,* 217 Ga. App. 215 (456 SE2d 608) (1995), aff'd in part and rev'd in part in *May Dept. Store v. Center Developers,* 266 Ga. 806 (471 SE2d 194) (1996), adopted by this Court and remanded in *May Dept. Store v. Center Developers,* 222 Ga. App. 536 (474 SE2d 734) (1996).

Following the receipt of the remittiturs in the trial court in September 1996, on May 29, 1998, a hearing was held on these nine cases on numerous motions which were pending before Judge Nix. No orders resolving these motions were ever entered by Judge Nix. These nine cases were then transferred sua sponte from Judge Nix to Judge Flournoy by two orders issued August 7, 2000, and February 12, 2004. It is upon the August 2000 order that plaintiffs/appellees rely.

---

[1] Under both, any action in which no written order has been taken for a period of five years shall automatically stand dismissed. *Tate v. Dept. of Transp.,* 261 Ga. App. 192, 193 (582 SE2d 162) (2003).

On June 4, 2004, two of the defendants, Henry Sign Systems and Hair, Inc., filed Motions To Enforce Dismissal By Operation of Law. Following a hearing, the trial court's order denying the motion was entered, holding that

> the August 7, 2000 Order served to transfer these consolidated cases to the undersigned, and that Order is sufficient to prevent the running of the five-year period under OCGA §§ 9-2-60 and 9-11-41. *Department of Transportation v. Tillett Brothers Construction Co.*, 264 Ga. 219 (443 SE2d 610) (1994); *Republic Claims Service Co. v. Hoyal*, 264 Ga. 127 (441 SE2d 755) (1994).[2]

The latter case concluded that unsigned entries in a docket sheet do not satisfy the requirements of OCGA § 9-2-60 (b) and is therefore not applicable here. As clearly held in *Dept. of Transp. v. Tillett Bros. Constr. Co.*, supra at 220-221, however,

> a grant of a leave of absence, *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989), a grant of a continuance, *Swint [v. Smith*, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964)], and OCGA § 9-2-60 (a), an order allowing an amendment to a petition, *Butler v. Claxton*, 221 Ga. 620 (146 SE2d 763) (1966), and an interlocutory order, *Burgess v. State*, 221 Ga. 586 (146 SE2d 288) (1965), have all been recognized to be orders within the meaning of § 9-2-60 (b) where such orders are written, signed by the court, and filed in the court records. Likewise, an appellate court order, *Kachwalla v. Byrne*, 198 Ga. App. 454 (402 SE2d 74) (1991), an oral court order, *Maroska v. Williams*, 146 Ga. App. 130 (245 SE2d 470) (1978), an unsigned entry in a court docket sheet, *Hoyal*, supra, and a rule nisi, *Beck v. Dean*, 177 Ga. App. 144, 145 (338 SE2d 693) (1985), have all been recognized as insufficient to toll the running of the five-year rule because they failed to satisfy one or more of the statutory criteria. A review of these cases makes it clear that by the plain language of § 9-2-60 (b) an order need not advance or resolve litigation, grant or deny affirmative relief, or be obtained by a particular party, as opposed to a party, in order to toll the running of the five-year period. Cf. *Beck v. Dean*, supra at 145 (an order is "generally a judgment or conclusion

---

[2] To the extent that the plaintiffs/appellees argue constitutional grounds in support of the trial court's order, we note that these arguments have been repeatedly rejected by the Supreme Court. See, e.g., *Brown v. Kroger Co.*, 278 Ga. 65 (597 SE2d 382) (2004).

of a court by which affirmative relief is granted or denied"). This is not to say that every directive signed by a trial court that is made or may be deemed part of the record is an order within the meaning of § 9-2-60 (b). The primary purpose of the statute is to protect litigants from dilatory counsel, *Swint*, 219 Ga. at 534. Accordingly, *an order as contemplated by the statute is an order entered by a court in response to a motion initiated by a party. Housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and would not toll the statute.* See *Scott* [*v. DeKalb County Hosp. Auth.,*] 168 Ga. App. 548 [(309 SE2d 635) (1983)].

(Punctuation omitted; emphasis supplied.)

The emphasized portion above supports the position taken below and here by appellants that the order transferring the cases from one judge to another, not initiated by either party, can best be said to be a "housekeeping order" of the court issued for its own purposes and not one that will satisfy the statutory requirements. See also *Prosser v. Grant*, 224 Ga. App. 6, 7 (2) (479 SE2d 775) (1996). Therefore, the August 2000 order did not suffice for purposes of the five-year rule, and the dismissal occurred as a matter of law automatically without the necessity of entry of an order by the trial judge or any action marking it dismissed by the clerk, which is ministerial only. *Goodwyn v. Carter*, 252 Ga. App. 114, 115 (555 SE2d 474) (2001).

Any action of the trial court following the expiration of the five-year period is null and void "because the trial court has lost jurisdiction over the case, which no longer is pending before it. [Cit.]" *Goodwyn*, supra.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 30, 2005 —
RECONSIDERATION DENIED OCTOBER 14, 2005 — 

*Goodman, McGuffey, Lindsey & Johnson, Edward H. Lindsey, Jr., Duncan & Mangiafico, George E. Duncan, Jr., Hall, Booth, Smith*

& Slover, James H. Fisher II, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Robert J. Hulsey, Genevieve L. Frazier, for appellants.

Jon B. McPhail, for appellee.