S07A1320. ZEPP v. BRANNEN et al.
(658 SE2d 567)

BENHAM, Justice.

In March 2006, appellee Chief Judge Perry Brannen, Jr., notified the parties in a legal malpractice action filed in the Superior Court of Chatham County and assigned to Chief Judge Brannen that the lawsuit had been automatically dismissed by operation of law in January 2005 under the "five-year rule" set out in OCGA §§ 9-2-60 (b) and 9-11-41 (e), and that the six-month period within which the action could be recommenced had expired in July 2005. After Chief Judge Brannen declined the request to memorialize his determination in a written order, appellant Amy Zepp, the plaintiff in the legal malpractice action, filed a petition for writ of mandamus seeking to compel Chief Judge Brannen and appellee Dan Massey, the Clerk of the Superior Court of Chatham County, to recognize that her legal

malpractice case is still pending.[1] The trial court dismissed the petition for mandamus after determining appellant had no legal right to the relief, the trial court having found that written orders setting a pre-trial conference, signed by Chief Judge Brannen and filed in the record of the legal malpractice action, did not suspend the running of the "five-year rule" because they had not been initiated by the motion of either party, thereby making the signed, written, and filed orders "mere housekeeping or administrative order[s]" that did not suspend the running of the five-year period.[2] This appeal followed.

OCGA §§ 9-2-60 (b) and 9-11-41 (e) are the statutory embodiment of the "five-year rule." Together, they provide for the automatic dismissal of any action filed in a Georgia court of record when "no written order is taken for a period of five years. . . ." The legislative intent in enacting the precursor statute in 1953 "was to remove from trial courts those cases whose continued pendency only clutter the dockets" (*City of Chamblee v. Village of North Atlanta*, 217 Ga. 517, 523 (3) (b) (123 SE2d 663) (1962)), generally, the "great number of cases which, to all intents and purposes had been abandoned by both parties, and in many instances had been settled without clearing the docket. . . ." *Lewis v. Price*, 104 Ga. App. 473, 476 (2) (122 SE2d 129) (1961). The statute also serves to protect litigants from dilatory counsel. See *Ga. Dept. of Med. Assistance v. Columbia Convalescent Center*, 265 Ga. 638 (1) (458 SE2d 635) (1995); *Swint v. Smith*, 219 Ga. 532 (3) (134 SE2d 595) (1964).

In order to toll the running of the five-year period that results in automatic dismissal for non-action, "an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994); *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309

---

[1] Generally, mandamus is not an available remedy to require a judicial officer to perform a judicial function in a manner different from the way the judicial officer has performed it because mandamus is not available if there is another specific legal remedy (OCGA § 9-6-20), and a right of judicial review of the act of a judicial officer is a legal remedy. *Barber Fertilizer Co. v. Chason*, 265 Ga. 497 (458 SE2d 631) (1995). Since Chief Judge Brannen declined to enter a signed, written order and, for purposes of the Appellate Practice Act, a judgment must be written, signed, and filed with the clerk (OCGA § 5-6-31), no appealable judgment was ever entered, leaving the parties without the legal remedy of appeal. As the parties did not have a right to judicial review of the judicial act in question, this case presents the unusual situation where mandamus is a viable means of seeking review of a judicial action. See *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003).

[2] In the legal malpractice action, the court had issued an order denying a motion to exclude testimony on June 10, 2000. On December 14, 2004, and January 6, 2005, the trial court had entered orders setting a pre-trial conference in the case for February 17 and May 12, 2005, respectively, and ordering the parties to prepare a written proposed pre-trial order for presentation at the pre-trial conference.

SE2d 635) (1983). These criteria mirror the statutory requirements for entry of a judgment (OCGA § 9-11-58) and are a "bright-line rule of enforcement" that further the statutory dual purposes "by adding certainty and objective consistency to the manner in which its provisions are applied." *Dept. of Transp. v. Tillett Bros. Constr. Co.*, 264 Ga. 219, 220 (443 SE2d 610) (1994). A written, signed, and properly-filed order need not advance or resolve the litigation, grant or deny affirmative relief, or have been obtained by the party seeking to use it to toll the running of the five-year rule in order to qualify as a tolling order. Id. at 221.

The order at issue in *Tillett Bros.* met the criteria to toll the running of the five-year rule because it was written, signed by the trial judge and properly entered in the records of the trial court. We sua sponte added another requirement — that a tolling order must be one entered in response to a motion initiated by a party. That addition was obiter dicta lacking the force of an adjudication because it was a statement in an opinion "concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand. . . ." Black's Law Dictionary, p. 541 (4th ed. 1968). As the U. S. Supreme Court recently noted, "[w]e are not bound to follow our dicta in a prior case [where] the point now at issue was not fully debated." *Central Virginia Community College v. Katz*, 546 U. S. 356, 363 (126 SC 990, 996, 163 LE2d 945) (2006). We keep in mind the statement of Chief Justice Marshall in *Cohens v. Virginia*, 6 Wheat. 264, 399-400 (5 LE 257) (1821):

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for [adjudication].

The "very point" is presented for adjudication in the case at bar, and we decline to give force to the dicta in *Tillett Bros.* because it was not necessary to resolve the issue before the Court and its implicit premise that the "plain language of OCGA § 9-2-60 (b)" required a tolling order to have been obtained by a party is without statutory basis. The apparent effort to provide a short-hand definition of a "housekeeping order," i.e., an order that does not toll the five-year period, was not necessary because the orders described as "housekeeping" orders — an order setting or publishing a trial calendar for the cases listed therein or removing a case from an active trial calendar due to its age, do not qualify as tolling orders because such

orders generally are either not signed by the trial judge or filed in the record. See, e.g., *Scott v. DeKalb County Hosp. Auth.*, supra, 168 Ga. App. 548.

We conclude that an order tolls the running of the five-year rule if it is in writing, signed by the trial judge, and properly entered in the records of the trial court. The trial court erred when, relying on the dicta in *Tillett Bros.*, it concluded that the written order scheduling a pre-trial conference and requiring the parties to prepare a pre-trial order, signed by the trial judge and properly entered in the records of the trial court, did not qualify as a tolling order because the order was not preceded by the motion of a party. To the extent the holdings in *McCombs v. Ga. Natural Gas Co.*, 283 Ga. App. 618 (644 SE2d 277) (2007) and *Center Developers v. Southern Trust Ins. Co.*, 275 Ga. App. 843 (622 SE2d 31) (2005), rely on the dicta in *Tillett Bros.*, they are disapproved.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED APRIL 11, 2008.

*Middleton, Mixson, Orr & Adams, Richard H. Middleton, Jr.*, for appellant.

*Emily E. Garrard, Lee, Black, Hart & Rouse, R. Jonathan Hart, Thurbert E. Baker, Attorney General, Calandra A. Almond, Assistant Attorney General*, for appellees.

S07A1365. FORD MOTOR COMPANY v. GIBSON et al.
S07A1367. DRAW-TITE, INC. v. GIBSON et al.
S07X1368. GIBSON et al. v. DRAW-TITE, INC.
S07X1389. GIBSON et al. v. FORD MOTOR COMPANY.
(659 SE2d 346)

MELTON, Justice.

These multiple appeals arise from a jury verdict in favor of Artumus Gibson, as the surviving spouse and Administrator of his wife's estate (hereinafter collectively "Gibson"), against William Burns, Ford Motor Company ("Ford"), and Draw-Tite, Inc. ("Draw-Tite"), in connection with a car accident that resulted in his wife's death. In Case No. S07A1365, Ford challenges the trial court's order requiring Ford to produce certain crash-test documents during discovery and the subsequent sanctions imposed by the trial court in connection with Ford's failure to produce these documents; the trial court's