**FOURTH DIVISION**
**MILLER, P. J.,**
**DOYLE, P.J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A2182. ALTMAN et al. v. PILCHER et al.

MILLER, Presiding Judge.

James W. Pilcher, Jr. and F. Barry Hodges, III (Pilcher and Hodges), filed suit against Charles B. Altman, Jr.; the Estate of Charles B. Altman, Sr.; Charles B. Altman, Jr., Executor; and Altman Pontiac Buick Co., Inc. (the Altman parties) to enforce a settlement agreement. Following discovery, Pilcher and Hodges filed a motion seeking specific performance of their claim to convey real estate and damages provided for under the settlement agreement. After conducting a hearing , the trial court ordered the Altman parties to convey real estate and to pay damages, including interest and attorney fees. In its order, the trial court acknowledged that it had not disposed of all pending claims, but certified its order as final under OCGA § 9-11-54 (b). The Altman parties appeal, claiming that the trial court erred by requiring them

to convey property to Pilcher and Hodges by warranty deed, finding that the settlement agreement required them to pay certain amounts, including interest and attorney fees, and concluding that the Estate of Charles B. Altman, Sr. (the Altman Estate) had made distributions during the pendency of the underlying action. For reasons that follow, we affirm in part and reverse in part and remand the case to the trial court for further proceedings consistent with this opinion.

The settlement agreement was designed to settle all disputes between the parties and to resolve prior protracted litigation. The agreement showed that Altman Pontiac Buick was the owner of certain real property against which Pilcher and Hodges held a lien. The agreement provided that the parties would try to sell that property and that Pilcher and Hodges would be paid the first $347,170 from the sale, with the remaining proceeds to be divided equally among the parties. If the property did not sell after four months, Charles B. Altman, Jr. and the Altman Estate (the Altmans) would be required to pay $2,300 a month, with the payments applied to a bank loan taken out by Pilcher and Hodges. If the property did not sell within 12 months, the Altmans had the first option to purchase the property by paying $500,000 to Pilcher and Hodges. If the Altmans did not exercise that option, they were to convey all of their interests in the property to Pilcher and Hodges and to sign all

2

documents necessary to cause Altman Pontiac Buick to convey its interest in the property to Pilcher and Hodges. The $2,300 monthly payments were to begin on March 5, 2010 and continue until the property was either sold to a third party, purchased by the Altmans, or conveyed to Pilcher and Hodges. The parties also agreed that they would each pay 50% of all ad valorem taxes now due and future ad valorem taxes when they became due.

The property did not sell within 12 months and the Altman parties did not exercise their option to purchase the property. Pilcher and Hodges brought suit, seeking to require the Altman parties to convey their interests in the property. They also alleged that the Altman parties had not paid the 2010 or 2011 ad valorem taxes or made the $2,300 monthly payments since October 2010, and sought to recover those amounts, with interest, and attorney fees. The Altman parties denied that Pilcher and Hodges were entitled to any relief sought in the complaint.

1. The Altman parties contend that the trial court erred by requiring them to convey the property to Pilcher and Hodges by warranty deed because the settlement agreement only requires them to convey the property and does not designate the specific method of conveyance. They argue that they cannot convey the property by warranty deed because liens remain on the property, including liens placed by Pilcher

3

and Hodges after the trial court issued its order. They also contend that they attempted to convey the property after the trial court issued its order with a quitclaim deed from Altman Pontiac Buick to Pilcher and Hodges.

Settlement agreements "are highly favored under the law and will be upheld whenever possible as a means of resolving uncertainties and preventing lawsuits." (Footnote and punctuation omitted.) *Triple Eagle Assoc. v. PBK, Inc.*, 307 Ga. App. 17, 20 (2) (704 SE2d 189) (2010). A settlement agreement is deemed to be "sufficiently definite and certain if it contains matters which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves." (Footnote and punctuation omitted.) Id.

Here, the settlement agreement required the Altmans to convey all of their interest in the property to Pilcher and Hodges. The trial court ordered them to do whatever was necessary to convey the property by warranty deed within 30 days of its order. The settlement agreement also required the Altmans to sign all documents necessary to cause Altman Pontiac Buick to convey its interest in the property to Pilcher and Hodges , and the trial court ordered them to comply with this provision within 30 days of its order. Although the Altman parties argue that they attempted to convey the property by quitclaim deed after the trial court had entered its order, "we

4

cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." (Citation and punctuation omitted.) *Paul v. Joseph*, 212 Ga. App. 122, 125 (2) (441 SE2d 762) (1994).

Based on the clear terms of the settlement agreement, we affirm the trial court's order requiring the Altman parties to convey the property to Pilcher and Hodges. The settlement agreement does not, however, require the Altman parties to convey the property by warranty deed. It requires that they convey all of their interests in the property and this can be accomplished by a quitclaim deed, which releases "to the grantee without warranty *all the right, title or interest* of the grantor in the land described," and when "properly drawn and executed, it is fully as effective to pass title as a warranty deed." (Emphasis supplied.) 2 Pindar's Ga. Real Estate Law & Procedure § 9-5 (6th ed. 2004); see also *Horn v. Gilley*, 263 Ga. 104, 105 (428 SE2d 568) (1993) ("If the grantor has title to or an interest in land, a deed of quitclaim is just as effective to pass that title as a deed with covenants of warranty.").

2. The Altman parties contend that the trial court erred by determining that the settlement agreement required them to make the $2,300 monthly payments for more

5

than 12 months after the property was first listed for sale. This contention is contrary to the plain language of the settlement agreement, which provides that the payments are to begin on March 5, 2010 and continue every month until either the property is sold to a third party, purchased by the Altmans' exercise of their option to purchase, or conveyed by the Altman parties to Pilcher and Hodges. We therefore affirm the trial court's order requiring the Altman parties to continue the $2,300 monthly payments until the property is transferred.

3. The Altman parties claim that the trial court erred by requiring them to pay ad valorem taxes for 2011 because the settlement agreement only required them to pay taxes that accrued within 12 months after the property was first listed for sale. Again, this is contrary to the language of the settlement agreement, which requires the parties to pay 50% of "all ad valorem taxes now due and future ad valorem taxes as and when due." Adopting the Altman parties' argument would require us to ignore the words "and future ad valorem taxes as and when due." "It is a cardinal rule of contract construction that a court should, if possible, construe a contract so as not to render any of its provisions meaningless and in a manner that gives effect to all of the contractual terms." (Footnote and punctuation omitted.) *NW Parkway, LLC v. Lemser*, 309 Ga. App. 172, 176 (2) (709 SE2d 858) (2011). Thus, we affirm the trial court's

6

order requiring the Altman parties to pay ad valorem taxes for 2010 and 2011.[1]

4. The trial court awarded interest on the $2,300 monthly payments and the ad valorem taxes at a rate of 7%. The Altman parties do not challenge the award of interest itself, but claim that to the extent this Court reduces or eliminates the damages awards, any prejudgment interest must also be reduced or eliminated. Given our determination that those damages awards should be upheld, we need not address this claim.

5. The Altman parties contend that the trial court erred in awarding attorney fees and expenses pursuant to a provision of the settlement agreement. They argue that the provision is not enforceable, and that even if it is deemed enforceable, the trial court improperly calculated the amounts due.

(a) The trial court properly determined that attorney fees are recoverable under the settlement agreement. "Generally an award of attorney fees is not available unless supported by statute or contract." *Cason v. Cason*, 281 Ga. 296, 299 (3) (637 SE2d 716) (2006). Here, the settlement agreement specifically provides that "[a]ttorney fees

---

[1] On remand, the trial court may update the amounts owed to account for any conveyance that took place after its order was issued.

shall be assessed against any party defaulting under this contract in the amount of fifteen percent (15%) of all princip[al] and interest then due and owing. Any default shall authorize an acceleration of all obligations to pay and perform hereunder."[2] There is no dispute that the Altman parties defaulted under the agreement. They are therefore obligated to pay attorney fees as provided in the agreement. See *Haley v. Haley*, 282 Ga. 204, 205 (647 SE2d 10) (2007).[3]

(b) Although the settlement agreement provided for attorney fees, the trial court erred in determining the amount of attorney fees owed. The amount "then due and owing" included the $2,300 monthly payments and 50% of the ad valorem taxes, but did not include the $347,170 set forth on Exhibit B to the settlement agreement. Specifically, the agreement provided that if the property had been sold to a third party, the first $347,170.64 was to be paid to Pilcher and Hodges from the sales proceeds. Any remaining proceeds were to be divided equally among all parties to the agreement. The $347,170 amount was not "then due and owing" under the agreement

---

[2] The parties agreed not to make any claim for attorney fees under OCGA § 9-15-14 for any act occurring prior to the date of closing.

[3] The trial court included more than one basis for its determination that attorney fees are owed , but we need not address each one because a judgment right for any reason must be affirmed. *Sugarloaf Mills Ltd. Partnership v. Record Town, Inc.*, 306 Ga. App. 263, 267 (3) (701 SE2d 881) (2010).

until the property sold. Thus, it should not have been included in the calculation of attorney fees. We therefore reverse the trial court's award of attorney fees and remand for the court to recalculate the amount of fees owed in a manner consistent with this opinion.

6. The Altman parties contend that the trial court erred in finding that the Altman Estate had made distributions during the pendency of this action. They do not contest that the distributions were made, but argue that they were made prior to the filing of the complaint in this action. Pilcher and Hodges agree that the trial court inaccurately set forth the timing of these distributions and have no objection to the correction of this error. Although the challenged finding was not necessary to any of the trial court's rulings addressed here, we instruct the trial court to correct this date on remand for purposes of any future proceedings.

*Judgment affirmed in part, reversed in part, and case remanded. Doyle, P. J., and Boggs, J., concur.*