**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2167. MAGNOLIA STATE BANK v. VNS CORPORATION.    RA-105

RAY, Judge.

We granted Magnolia State Bank's application for a discretionary appeal from the trial court's denial of its motion to set aside a judgment under the Five-Year Rule. For the reasons that follow, we vacate the trial court's order of April 16, 2013, which denied Magnolia's motion to set aside the judgment, and we remand the case for proceedings not inconsistent with this opinion.

Georgia's Five-Year Rule provides that "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." OCGA § 9-2-60 (b). See also OCGA § 9-11-41 (e), which provides a dismissal for want of prosecution under the same terms.

The dispute in this case arises from a court record that was lost. Not surprisingly, the facts and procedural history apparent from the record are somewhat incomplete. Both parties agree that VNS Corporation d/b/a Choo Choo Build-It Mart ("VNS") sued Magnolia to enforce a materialman's lien in July 2003, although no dated or clerk-stamped copy of the complaint appears in the record, nor does any answer from Magnolia appear in the record. Both sides agree that a non-jury trial on liability and damages was held on May 18, 2006. More than five years after that trial, on February 20, 2012, the trial court entered judgment in favor of VNS. Neither Magnolia nor its counsel received notice or a copy of the judgment until, respectively, October 5 and 10, 2012, when they learned of the judgment lien via a notice Magnolia received from Credit Bureau Associates of Georgia.

It is undisputed that on October 18, 2012, Michael Kohler, counsel for Magnolia, contacted the Dodge County Superior Court's deputy clerk and asked her to e-mail him copies of *all* documents in the case file. The documents she sent included pleadings, a motion, a brief, and various trial-related documents. Her e-mail response did not include *any* orders of the trial court, but did include the judgment dated February 20, 2012, and a letter dated April 4, 2011, and copied to one of Magnolia's lawyers, from counsel for VNS stating that "[i]n accordance with the

Order of this Court entered on March 30, 2011, please find enclosed copies of the pleadings filed on behalf of the Plaintiff in the above-referenced case." The deputy clerk did not include a copy of any order of March 30, 2011, with her e-mail.

On November 8, 2012, Magnolia moved to set aside the judgment under the Five-Year Rule , arguing that no signed, written orders were properly filed in the case between its commencement on July 1, 2003, and the judgment nearly nine years later on February 15, 2012, such that the case stood automatically dismissed as a matter of law under the Five-Year Rule as of July 1, 2008. VNS, in its response to the motion to set aside, included as an exhibit copies of various orders allegedly in the case file, including an order dated April 19, 2006. This particular copy is not file-stamped.

The trial court held a hearing on the motion to set aside, and on April 16, 2013, it denied Magnolia's motion in an order taking "judicial notice" of other orders, including the order of April 19, 2006, mentioned above. It is undisputed that these orders were *not* in the court file prior to the filing of the motion to set aside. The trial court also found, without taking judicial notice, that the "Clerk's file reflects an additional Order that was entered on March 30, 2011, requiring the parties to submit

their previously filed pleadings to the Clerk due to the file being misplaced." The trial court found that because the time between the order of April 19, 2006, and the order of March, 30, 2011, was "4 years, 11 months and 11 days," that there was no violation of the Five-Year Rule.

The trial court's order also states that, "[d]uring the pendency of this case, the Clerk's file was misplaced and never found." However, included in the record before us is a notice from the clerk of Dodge County Superior Court, signed June 24, 2013, certifying that the attached documents, which include a *file-stamped* version of the April 19, 2006, order – which VNS submitted in a *non-file-stamped form* prior to the trial court's ruling – are true and correct. The clerk's certification was made seven days *after* Magnolia filed its notice of appeal on June 17, 2013, which was approximately two months *after* the trial court's denial of the motion to set aside on April 16, 2013.

We cannot consider the certified, file-stamped version of the order of April 19, 2006, as it was not properly before the trial court when that court rendered its decision. "Appellate courts will review only evidence presented to the trial court *before* its ruling on the motion. Additional evidence will not be admitted on appeal." (Citation and punctuation omitted; emphasis supplied.) *Altman v. Pilcher*, 321 Ga.

4

App. 8, 9-10 (1) (740 SE2d 866) (2013). "Matters of record, which were not before the trial court when it ruled, cannot be considered on appeal." (Citation omitted.) *The Rental Equip. Group, LLC v. MACI, LLC*, 263 Ga. App. 155, 163 (3) (b) (587 SE2d 364) (2003).

Thus, the question before us is whether the non-file-stamped order of April 19, 2006, and the late-appearing order of March 30, 2011, toll the running of the Five-Year Rule. "In order to toll the running of the five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and *properly entered in the records of the trial court by filing it with the clerk.*" (Citations and punctuation omitted; emphasis supplied.) *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008).

OCGA § 24-11-2 (a), (b) provides that

Where *any original public records* have been lost, mutilated, stolen, or destroyed, the custodian may establish duplicates in accordance with the provisions of this article. When such public records are established by duplicates, they shall have all the effect in evidence as the original

5

records would have had. The custodian of the lost, mutilated, stolen, or destroyed public records *shall bring a petition to establish such records* in the superior court of the county in which the public records were located.

(Emphasis supplied.) This Code section, which became effective on January 1, 2013, has rarely been construed. Case law on the re-establishment of lost court records is sparse, both before and after the enactment of OCGA § 24-11-2. However, court records are, logically, among the "original public records" contemplated by the plain language of OCGA § 24-11-2. See generally *Sharpton v. Hall*, 296 Ga. App. 251, 252 (674 SE2d 105) (2009) (ordinarily, court records are deemed public records). See also *Spectera, Inc. v. Wilson*, 294 Ga. 23, 26 (1) (a) (749 SE2d 704) (2013) (where a statute's plain language is clear and susceptible to only one reasonable construction, courts must construe the statute according to its terms). Further, the former OCGA § 24-8-1[1] contains virtually the same language as OCGA § 24-11-2 (a), and our Supreme Court clearly indicated its application to lost court records. See *East Ga. Land and Dev. Co., LLC v. Baker*, 286 Ga. 551, 552-553 (2) (690 SE2d 145) (2010).

---

[1] The whole of Title 24, which includes, OCGA § 24-8-1, et seq., was repealed by the same Act that enacted the new code of evidence, OCGA § 24-11-1, et seq., Ga. L. 2011, Act 52, §2, effective January 1, 2013.

6

OCGA § 24-11-2 (b) requires the custodian of the lost records to bring a petition to establish them. According to OCGA § 24-11-1, "[c]ustodian means the person charged with the duty of maintaining public records." (Punctuation omitted). In this instance, the custodian of the records at issue would be the clerk of court. See OCGA § 15-6-96 ("The clerk of the superior court is the custodian of the records of his or her office"). In the instant case, it is undisputed that the clerk brought no petition to establish the missing records, and although he or she spoke briefly at the hearing on the motion to set aside, it was only to confirm that the trial judge was holding the clerk's "substitute file," which apparently contained a stamp-filed copy of the order of March 30, 2011, that was not in the file when the deputy clerk e-mailed the filed documents to Magnolia's counsel prior to the filing of the bank's motion to set aside. Nothing in the record indicates how or when the order of March 30, 2011, appeared – after the fact – in the court file.

Because the record shows that none of the orders at issue in this case, including those dated April 19, 2006, and March 30, 2011, were properly entered in the court record, *Zepp*, supra, and because it is undisputed that these orders were not properly established pursuant to the requirements of OCGA §§ 24-11-1 and 24-11-2, we must vacate the trial court's order denying Magnolia's motion to set aside the judgment and

7

remand the case for further proceedings not inconsistent with this opinion. Given that the court clerk, as custodian of the records, still could bring a petition to establish such records, it would be premature for us at this time to declare the underlying judgment of February 20, 2012, a nullity. See *Kachwalla v. Byrne*, 198 Ga. App. 454, 454 (402 SE2d 74) (1991). Nor do we take a position on whether Magnolia, given that it did not receive timely notice of that judgment, may pursue other challenges pursuant to OCGA § 15-6-21 (c). See *C & R Financial Lenders, LLC v. State Bank & Trust Co.*, 320 Ga. App. 660, 661 (2) (740 SE2d 371) (2013).

*Judgment vacated and case remanded. Barnes, P. J. concurs specially, and Miller, J., concurs in judgment only.*

A13A2167.    MAGNOLIA   STATE   BANK   v.   VNS
    CORPORATION.

BARNES, Presiding Judge, concurring specially.

I agree with the majority that the trial court erred in taking judicial notice that certain orders had previously been entered in the case, and that the trial court's denial of the motion to set aside the judgment therefore must be vacated and remanded for further proceedings. However, I disagree with the majority's conclusion that OCGA § 24-11-2 is the only statutory procedure available for resolving the dispute between the parties regarding whether the prior orders at issue had been properly entered in the records of the trial court. As such, I concur only in the judgment.

OCGA § 5-6-41 (f) provides an alternative procedure that can be applied on remand, given that the parties on appeal dispute what transpired in the trial court over the course of this case. That statute provides: "Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth." OCGA § 5-6-41 (f). Pursuant to this statute, the trial court on remand can conduct an evidentiary hearing and resolve whether the prior

orders at issue were ever properly entered in the record, and its ultimate resolution of the dispute over the record would be reviewed on appeal only for a manifest abuse of discretion. See *Michel v. Michel*, 286 Ga. 892, 895 (2) (692 SE2d 381) (2010).

Following OCGA § 5-6-41 (f) would provide a far more efficient and less cumbersome procedure than OCGA § 24-11-2, which would require the court clerk to file a separate petition to establish the lost records and thus create unnecessary satellite litigation. Accordingly, on remand, the better practice would be for the trial court to use the procedure set forth in OCGA § 5-6-41 (f).